HAWAH S. AHMAD, ESQ.
Nevada State Bar No. 16374
AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 85901
Telephone: (775) 234-8760
Ahmad@alawnv.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CARI-ANN P. BURGESS,
Plaintiff,

vs.

WASHOE COUNTY, a Political Subdivision of the State of Nevada, ROES I through X, and Does 1 through 10, inclusive,
Defendants.
_______________________________/

Case No. 3:25−cv−00065−MMD−CLB

**ORDER GRANTING STIPULATION TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS (FIRST REQUEST)**

Pursuant to Rules 1 and 26(b) of the Federal Rules of Civil Procedure and Local Rule 26-1, as well as this Court's Civil Standing Order Section V(A), Plaintiff, CARI-ANN P. BURGESS ("Plaintiff" or "Ms. Burgess") and Defendant WASHOE COUNTY ("Defendant" or "Washoe County") (together with Plaintiff referred to as the "Parties"), stipulate, agree and respectfully request the Court enter an order to stay discovery pending resolution of Defendants' Motions to Dismiss, ECF No. 15, based on the following:

1. Good cause exists for a stay of discovery because discovery in this case potentially spans a 3-year period related to a Plaintiff, who alleges claims of relief for Civil Action for Deprivation of Rights in violation of 42 U.S.C. §§ 1981a, 1988); Discrimination Against a



AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 85901
(775) 234-8760

AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 85901
(775) 234-8760

Qualified Individual by Covered Entity in violation of 42 U.S.C. §§ 12111 et. Seq.; Prohibition Against Retaliation and Coercion in violation of 42 U.S.C. § 12203; General Discrimination against Qualified Individual in violation of 42 U.S.C. §12131 et. seq.; Intentional Infliction of Emotion[sic] Distress; Defamation; Defamation Per Se; Fraudulent Misrepresentation; Invasion of Privacy—False Light; and Civil Conspiracy, arising from her employment with Defendant, Washoe County. As discovery will necessarily involved the disclosure of Plaintiff's human resources file, production of a privileged or work-product-protected documents from Defendant, subpoenas for medical providers' records, and other highly sensitive information, in addition to the costly and burdensome discovery of information and materials nearly three-years old and expenses involving depositions, a stay while Defendants' Motion to Dismiss is pending will maximize the protection of Defendant's privileged materials, promote judicial economy, and avoid unnecessary costs for all parties should the claims be dismissed or narrowed.

1. The Parties therefore stipulate and agree that staying discovery while the Motion to Dismiss is pending is consistent with the principles articulated in Federal Rule of Civil Procedure 1 and *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013) (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011)).

2. The Parties stipulate, agree, and respectfully request that this Court stay discovery pending the resolution of the Defendant's Motion to Dismiss and any subsequent, yet-to-be-filed motions to dismiss any amended complaint.

***Procedural History***

1. On January 31, 2025, Plaintiff filed her Complaint in the United States District Court of Nevada. (ECF No. 1).

2. On May 30, 2025, Plaintiff filed her Amended Complaint in the United States District Court of Nevada. (ECF No. 10) and served Defendant on the same day. (ECF 12).

AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 85901
(775) 234-8760

3. On June 3, 2025, the Court entered the Order Granting Stipulation to Extend Deadline to Respond to Complaint and Setting Briefing Schedule (First Request). (ECF No. 14). On July 31, 2025, Defendant filed their Motion to Dismiss. (ECF No. 15). Defendant has moved to dismiss Plaintiff's Complaint in its entirety, alleging that Plaintiff's claims are either legally insufficient, or that, on their face, they fail to meet the requisite pleading standards, and/or are time-barred. *See generally* Mots. to Dismiss (ECF No. 15). Upon agreement by the parties, Plaintiff's response to Defendants' Motions to Dismiss was filed August 30, 2025, and any reply in support was filed on September 12, 2025. (ECF No. 22).

4. On August 22, 2025, counsel for the parties conferred in advance of the Court's deadline for holding a Rule 26 discovery conference and agreed to a stay of discovery pending resolution of the Motion to Dismiss and any subsequent, yet-to-be-filed motion to dismiss any amended complaint. *Id.* Accordingly, the Parties submit this stipulation.

***Governing Standard***

5. Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Under the Federal Rules of Civil Procedure, a court may stay or limit the scope of discovery upon a showing of good cause by the moving party. Fed. R. Civ. P. 26(c).

6. To determine if a stay of discovery is appropriate pending a ruling on a motion to dismiss, courts consider the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and, (3) whether the court is convinced that the plaintiff cannot state a claim for relief. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *First Am. Title Ins. Co. v. Com. Assocs.*, LLC, No. 2:15-cv-832-RFB-VCF, 2015 WL 7188387, at *2 (D. Nev. Nov. 13, 2015).

AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 85901
(775) 234-8760

7. Courts considering whether to stay discovery also weigh "the competing interests of the parties," such as "'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."' *Puckett v. Schnog*, No. 2:12-cv-01958-GMN-NJK, 2013 WL 1874754, at *3 (D. Nev. May 3, 2013), quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). Accordingly, courts often stay discovery to alleviate the burdens of discovery while potentially meritorious dispositive motions are pending. *See, e.g.*, *5035 Village Tr. v. Durazo*, No. 2:15-cv-00747-GMN-NJK, 2016 WL 6246304, at *3 (D. Nev. Oct. 24, 2016) (granting discovery stay where the pending motion "present[ed] a dispositive legal question that would resolve Plaintiff's claims without the need for discovery"); *Abrego v. U.S. Bank Nat'l Ass'n*, No. 2:13-cv-01795-JCM-GWF, 2014 WL 374755, at **1-3 (D. Nev. Jan. 31, 2014) (granting discovery stay pending resolution of motion to dismiss).

***Grounds Supporting the Parties' Request to Stay Discovery Pending Adjudication of the Motions to Dismiss***

8. The Parties respectfully request that the Court exercise its discretion under FRCP 26 to enter the Parties' stipulation, as the stipulation makes clear that a discovery stay in this case while motion to dismiss is pending is consistent with both the principles articulated in Federal Rule of Civil Procedure 1 and *Kor Media*.

9. First, the pending Motion to Dismiss, if granted in entirety, would dispose of all of Plaintiff's claims as alleged against each respective Defendant and would render any potential discovery unnecessary. A preliminary peek of the Motion to Dismiss reveals that it is potentially dispositive of the entire case. *See* (ECF No. 15). Defendant views the Motion to Dismiss as meritorious.

10. Second, the Parties agree that no discovery is needed for the Court to resolve the Motion to Dismiss. As the Ninth Circuit has explained, "Discovery is only appropriate [when a motion to dismiss is pending] where there are factual issues raised by a Rule 12(b) motion." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (citation omitted); *see also Kuzova v. U.S. Dep't of Homeland Sec.*, No. 2:10-cv-01711-GMN-GWF, 2011 WL 3422777, *2 (D. Nev. Aug. 3, 2011) (staying discovery was appropriate while a motion to dismiss was pending in order to "prevent the wasting of time and effort of all concerned"). Here, the pending Motion to Dismiss has raised no factual issues necessitating discovery, but rather they rely solely on case law and the Amended Complaint. Because the Court can easily resolve the Motion without discovery, this factor too weighs in favor of a discovery stay.

11. Moreover, the interests of all Parties favor staying discovery. Plaintiff will not be prejudiced by a short delay while the Court decides the Motion to Dismiss, especially where discovery will necessarily involve disclosure of Plaintiff's employment file and personal, identifying information relating to Plaintiff. Defendant, on the other hand, would be greatly prejudiced by the commencement of potentially unnecessary discovery that will be burdensome and costly in light of the broad scope and time frame covered by the allegations in the Complaint. Without a stay, Defendant would proceed with serving several subpoenas duces tecum, and likely incur deposition expenses before the District Court eventually rules on the Motion to Dismiss. Rule 12(b)(6) is designed "to enable defendants to challenge the legal sufficiency of a complaint *without subjecting themselves to discovery*." *Tradebay, LLC*, 278 F.R.D. at 600-01 (citing *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) and *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)) (emphasis added). It therefore is in the interest of all Parties to stay discovery while the Motion to Dismiss are pending so that, should the case proceed beyond the pleading stage, discovery will be appropriately narrow to maximize the protection of Plaintiff's

**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 85901
(775) 234-8760

employment file, production of a privileged or work-product-protected documents from Defendant, promote judicial economy, and avoid unnecessary costs for all Parties. For the additional reason that all the Parties' interests favor a stay of discovery, discovery should be stayed.

12. Finally, the interests of judicial economy also favor staying discovery. Courts routinely grant motions to stay discovery when doing so will potentially save the litigants time, energy, and money. *See, e.g., Segal v. Lefebvre*, No. 2:13-cv-0511-JCM-NJK, 2013 WL 12130553, at *2 (D. Nev. Nov. 14, 2013) (granting stay because "it is more just to delay discovery to accomplish the inexpensive determination of the case than to speed the parties along in discovery while the dispositive motions are pending"); *Kidneigh v. Tournament One Corp.*, 2:12-cv-02209-APG-CWH, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013) (granting motion to stay discovery because a "temporary stay of discovery will further the goals of judicial economy and control of the Court's docket"). Here, staying discovery would save all Parties and the Court potentially unnecessary work, including resolution of discovery disputes that may ultimately not be required if the Motion to Dismiss is meritorious or if the Court narrows Plaintiff's claims.

13. Accordingly, the Parties stipulate and agree that it is in all the Parties' interests and would conserve judicial resources to engage in discovery once the Motion to Dismiss (and any subsequent motions to dismiss any amended complaint) is decided, and the Court ensures that there is a viable, properly pleaded, and appropriately specific complaint at issue. To the extent that the Court's decisions on Defendant's Motion to Dismiss (and any subsequent motions to dismiss an amended complaint) do not fully dispose of this matter, the Parties further stipulate and agree that a discovery plan and proposed scheduling order shall be due within thirty (30) days of the later of the Court's decision on Defendant's Motion to Dismiss or on the any motions to dismiss an amended complaint. The Parties also intend to propose a one (1) year discovery period commencing as of the date of the Court's ruling on any such motions.

AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 85901
(775) 234-8760

14. This is the first stipulation to stay discovery pending resolution of Defendants' Motions to Dismiss and any subsequent motions to dismiss an amended complaint.

**IT IS SO STIPULATED.**

DATED this 6th day of October 2025.

AHMAD LAW PLLC

*/s/ Hawah S. Ahmad*
Hawah Ahmad (NSBN 16374)
300 S. Arlington Avenue, Suite B
Reno, Nevada 85901
Ahmad@alawnv.com
(775) 234-8760

*Attorney for Plaintiff*

WASHOE COUNTY DISTRICT ATTORNEY'S OFFICE

*/s/ _Lindsay L. Liddell_________*
Lindsay L. Liddell (NSBN 14079)
Deputy District Attorney
One South Sierra Street
Reno, NV 89501
lliddell@da.washoecounty.gov
(775) 337-5700
*Attorney for Defendant*

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: October 6, 2025



**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 85901
(775) 234-8760