**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cari-Ann P. Burgess, | Case No. 3:25-cv-00065-NJK[1] |
| Plaintiff(s), | **ORDER** |
| v. | [Docket Nos. 15, 21] |
| Washoe County, | |
| Defendant(s). | |

Pending before the Court is Defendant's motion to dismiss for failure to state a claim. Docket No. 15. Plaintiff filed a response. Docket No. 20. Defendant filed a reply. Docket No. 22. Also pending before the Court is Plaintiff's motion to strike. Docket No. 21. Defendant filed a response. Docket No. 24. Plaintiff filed a reply. Docket No. 26. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to dismiss is **DENIED** without prejudice and the motion to strike is **DENIED** as moot.

## I.    BACKGROUND[2]

Plaintiff brings this lawsuit arising out of being placed on leave and then being terminated as registrar of voters for Washoe County. *See* Docket No. 10 (first amended complaint). Plaintiff alleges numerous federal and state claims, including for disability discrimination and retaliation.

## II.    STANDARDS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts accept all well-pled factual allegations in the operative complaint as true and construe them in the light most favorable to the nonmoving party. *Fields v. Twitter, Inc.*, 881 F.3d

---

[1] This case is proceeding before a magistrate judge on consent. *See* Docket No. 33. On November 24, 2025, the case was reassigned to the undersigned. Docket No. 37.

[2] As the parties are familiar with the facts being alleged and the motion to dismiss is being resolved on other grounds, the Court will not provide an extensive background section.

1

739, 743 (9th Cir. 2018). To avoid dismissal, the operative complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the operative complaint must show that there is facial plausibility to the claim. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III.    ANALYSIS**

Plaintiff brings federal claims for disability discrimination and retaliation. The Court addresses each below.

A.    Disability Discrimination

The pending motion to dismiss argues that Plaintiff's complaint fails to adequately allege a qualifying disability within the meaning of the governing statutes. The term "disability" was expanded by the ADA Amendments Act of 2008. *See, e.g.*, *Rohr v. Salt River Project Agric. Improvement & Power Dist.*, 555 F.3d 850, 861 (9th Cir. 2009). The regulations implementing the ADAAA went into effect on May 24, 2011. *See, e.g.*, *Weed v. Sidewinder Drilling, Inc.*, 245 F. Supp. 3d 826, 833 (S.D. Tex. 2017). Those regulations require that the term "substantially limits" be "construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. 'Substantially limits' is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). The regulations further instruct that the "primary object of attention" in disability cases "should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether an individual's impairment substantially limits a major life activity." 29 C.F.R. § 1630.2(j)(1)(iii). The regulations also instruct that the pre-ADAAA cases applied too high a standard for assessing substantial limits. *See* 29 C.F.R. § 1630.2(j)(1)(iv) ("the term 'substantially limits' shall be interpreted and applied to require a degree of functional limitation that is lower than the standard for 'substantially limits' applied prior to the ADAAA"). The regulations also instruct that an "episodic" impairment can qualify as a disability

if it would substantially limit a major life activity when active, 29 C.F.R. § 1630.2(j)(1)(vii), and specifically that the six-month durational timeframe does not apply to an actual disability claim, 29 C.F.R. § 1630.2(j)(1)(ix).  The post-ADAAA regulations also remove some earlier provisions, including the guidance that the "inability to perform a single, particular job does not constitute a substantial limitation in the major lief activity of working."  *See* 29 C.F.R. § 1630.2(j)(3)(i) (effective until May 24, 2011).

The motion practice challenging the sufficiency of the allegation of disability relies extensively on caselaw predating the ADAAA and the corresponding 2011 regulatory changes, as well as later case law that relies on the pre-ADAAA case law without explanation.  *See* Docket No. 15 at 9-10.[3]  Indeed, the pending motion specifically relies on the now-abrogated guidance regarding specifically an "inability to perform a single, particular job."  *See id.* at 10.  Given the modified rules of construction that specifically alter the playing field on this issue, the Court declines to wade into Defendant's challenge to whether Plaintiff's amended complaint sufficiently alleges disability.  Particularly as neither side meaningfully addressed this issue in relation to current law, the Court will permit Defendant to file a renewed motion to dismiss on this ground.  Such renewed motion must specifically address the current state of the law.[4]

B.    Disability Retaliation

The pending motion to dismiss argues that Plaintiff's complaint fails to adequately allege causation with respect to her retaliation claim.  *See* Docket No. 15 at 17-18.  This section of the motion to dismiss fails to cite a single legal authority judging the sufficiency of a complaint to

---

[3] Plaintiff's responsive brief states in passing that the ADAAA provides a "broadened definition" that is met in this case, without elaborating in any fashion on what the amendments or corresponding regulations actually say.  *See* Docket No. 20 at 13.  Perhaps due to the conclusory nature of Plaintiff's assertion, Defendant in reply does not address the ADAAA or corresponding regulations.  *See* Docket No. 22 at 2-3.  Hence, neither side sufficiently addresses the impact of the ADAAA and corresponding regulations on the issues raised.  Even when the parties have not done so, however, the Court has its own duty to correctly articulate and apply the law.  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

[4] If Defendant continues to rely on older legal authority, any renewed motion must explain how it remains good law in light of the ADAAA and corresponding regulatory changes.

allege causation. *See id.* (citing cases in the summary judgment context only).[5] Of course, "[t]he standard for summary judgment is different than that for a motion to dismiss." *Harden v. Soboro*, 2016 WL 259689, at *2 (D. Nev. Jan. 21, 2016); *see also, e.g.*, *Rahimian v. Adriano*, 2022 WL 798371, at *5 (D. Nev. Mar. 16, 2022) (in deciding motion to dismiss, finding case law addressing summary judgment to be uninstructive given different standards). Without having been provided legal authority regarding what is required to plead causation sufficiently, the Court declines to wade into this issue at this time. As discussed above, however, the Court will allow Defendant to file a renewed motion to dismiss.[6]

## IV.   CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **DENIED** without prejudice and Plaintiff's motion to strike is **DENIED** as moot. Any renewed motion to dismiss must be filed by February 6, 2026.

IT IS SO ORDERED.

Dated: January 21, 2026

Nancy J. Koppe
United States Magistrate Judge

---

[5] The motion to dismiss also relies extensively elsewhere on case law arising in the summary judgment, trial, or post-trial context. For example, the challenge to causation for disability discrimination relies solely on case law in the summary judgment and jury instruction context. *See* Docket No. 15 at 15. That section of the motion does not provide legal authority as to what is required to plead causation.

[6] The motion to dismiss covers ground not addressed herein. For example, the motion challenges the various state law claims identified in the amended complaint. *See* Docket No. 18-24. In light of the deficiencies as to briefing the federal claims, the Court declines to otherwise address the merits of the pending motion to dismiss. *Cf.* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). Nothing herein precludes Defendant from renewing its other arguments in any renewed motion practice.