HAWAH S. AHMAD Esq.
Nevada State Bar No. 16374
AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
Telephone: (775) 234-8760
Ahmad@alawnv.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CARI-ANN P. BURGESS,

      Plaintiff,

      vs.

WASHOE COUNTY, a political Subdivision
of the State of Nevada, ROES I through X, and
Does 1 through 10, inclusive,

      Defendant.           /

Case No. 3:25-cv-00065-NJK

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE EXHIBITS TO DEFENDANT'S RENEWED MOTION TO DISMISS**

Plaintiff, CARI-ANN BURGESS ("Plaintiff" or "Ms. Burgess"), by and through her counsel, Hawah S. Ahmad, Esq. of AhmadLaw, and hereby respectfully files this Reply in Support of Motion to Strike Exhibits to Defendant's Renewed Motion to Dismiss (ECF No. 49) ("Reply"). This Reply is made and based upon the following Memorandum of Points and Authorities, all papers and pleadings on file herein, all minutes and transcripts on file in this case, and any and all arguments entertained by the Court in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION/BACKGROUND**

Defendant Washoe County's Opposition (ECF No. 57) advances three arguments: (1) the Motion is an improper surreply; (2) Rule 12(f) is the exclusive mechanism for the relief sought and

*AHMADLAW*
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

1

**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

does not reach motion exhibits; and (3) each exhibit is properly incorporated by reference or subject to judicial notice. Defendant's arguments do not stand up to scrutiny.

## II.    LEGAL STANDARD

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint and matters properly subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 998-99 (9th Cir. 2018). Two judicially created exceptions permit the Court to look beyond the complaint itself: (1) the incorporation-by-reference doctrine, which treats certain documents as though they are part of the complaint where the complaint alleges the document's contents or the document forms the basis of a claim; and (2) judicial notice under Federal Rule of Evidence 201, which authorizes notice of facts not subject to reasonable dispute. *Id*. at 999-1002. Neither exception is unlimited. A document that merely creates a defense to well-pled does not necessarily form the basis of the complaint, and may not be incorporated. *Id*. at 1002. Further, "**the mere mention of the existence of a document is insufficient to incorporate the contents of a document**." *Id*. At 1002 (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). Judicial notice of publications extends only to the fact that certain information entered the public realm, not to the truth of statements within those publications. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Here, the Court has inherent power to control its docket. *Ready Transp., Inc. v. AAR Mfg., Inc*., 627 F.3d 402, 404 (9th Cir. 2010).

## III.    LEGAL ARGUMENT

### A.   The Motion is not an Improper Surreply

Defendant characterizes the underlying Motion as an improper surreply because Ms. Burgess's arguments "should have been raised in Burgess's Opposition to the MTD." (ECF No. 57 at p. 3). However, the cited caselaw does not support this argument.

In *Perkins*, the second, third, and fourth motion to strike by a pro se litigant were construed as surreplies where the plaintiff raised <u>new</u> arguments to attack the opposing party's responsive filing after separately opposing the same motion. *Perkins v. Panorama Towers Condo. Complex, No.* 2:23-CV-01690-CDS-DJA, 2024 WL 81403, at *2 (D. Nev. Jan. 5, 2024). In *Reynolds,* the motions to strike were functioning as substantive responses to the defendants' underlying motions, essentially relitigating opposition arguments through a different label. *Reynolds v. National Default Servicing Corp.*, No. 3:16-CV-00047-MMD-VPC, 2016 WL 8735671, at *4 (D. Nev. Sept. 23, 2016). Neither case involved a motion targeting the threshold admissibility of exhibits attached to an initial motion rather than any argument in the briefing itself. The distinction matters as a surreply, by definition, responds to arguments raised in a responsive brief.

Ms. Burgess's Motion to Strike does not expand on arguments from other filings, rather it raises a distinct question governed by *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th Cir. 2018), and Federal Rule of Evidence 201, whether the Court is permitted to consider these exhibits at all when ruling on a Rule 12(b)(6) motion. Plaintiff's question centers on evidentiary authority, not a merits argument. As such, Defendant's attempt to collapse a legitimate threshold challenge into the surreply framework should be rejected.

Moreover, the Motion could not have been filed any earlier as the challenge necessarily follows the filing of the MTD and its attached exhibits, and filing it simultaneously with the opposition was not required by any local rule. The timing reflects the procedural sequence Defendant created, not any attempt by Plaintiff to obtain a second bite at the merits.

## B. The Court has Inherent Authority to Regulate Evidence

Defendant correctly notes that Rule 12(f) applies to pleadings and that a motion to dismiss is not a pleading. (ECF No. 57 at 3). Ms. Burgess does not contest that Rule 12(f) does not apply here, but Rule 12(f) is not the only basis for the requested relief. As relied upon in the underlying motion,

**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

Courts possess inherent power to control their dockets, including the authority to strike improperly submitted materials. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). The Court need not rely on Rule 12(f) to act here but rather its inherent authority supplies an independent basis to strike or decline to consider the County's exhibits.

**C. The Exhibits are Not Properly Before the Court**

**a. Exhibits 1, 2, and 3 are not incorporated by reference**

Defendant argues that Exhibit 1 (the investigation report and transmittal email); Exhibit 2 (internal emails with paystubs); and Exhibit 3 (responses to media inquiries) are incorporated by reference because the FAC references and partially quotes the investigation's conclusions. That argument overstates the scope of incorporation-by-reference. In *Khoja*, the Ninth Circuit specifically cautioned against using the incorporation-by-reference doctrine to introduce entire documents based on selective references, stating that "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events." 899 F.3d at 1002.

That is precisely what Defendant attempts to do in this case. Each exhibit fails the incorporation-by-reference test on its own terms. Exhibit 1 fails the test as Plaintiff referenced the investigation in the FAC to allege that the County pursued a pretextual investigation without following its own protocols and without a formal complaint. The investigation is itself an alleged discriminatory and retaliatory act; the report is the instrument of the alleged harm, not the source from which Ms. Burgess's claims arise. The authentication argument reinforces this conclusion rather than undermining it. Ms. Burgess was terminated ***prior*** to receiving the complete investigation report. Plaintiff did not have an opportunity to address any statements made in the report. The investigative report contains numerous legal conclusions, is unauthenticated, references evidence such as interviews, emails, and time sheets that are not included in the report and did not take place in

**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

accordance with Defendant's own policies. The probative value of the report is significantly outweighed by the unfair prejudice that will be caused by the improper legal conclusions contained within the report. Such improper legal conclusions undermine the role of this court. Furthermore, Plaintiff's mere mention of the report does not create a reliance upon the report for the basis of her claims.

Exhibits 2 and 3 also fail the test as the incorporation-by-reference doctrine requires that a plaintiff either refer extensively to a document or that the document form the basis of her claim. *Khoja*, 899 F.3d at 1002. Plaintiff did not extensively reference the internal emails and paystubs comprising Exhibit 2 in the FAC, nor did she rely on the County's media inquiry responses in Exhibit 3 as a foundation for any element of her claims. Permitting the County to introduce these materials at the pleading stage prejudices Plaintiff by placing disputed documentary evidence into the record before she has had any opportunity to conduct discovery, challenge authenticity, or present competing evidence which is precisely the harm *Khoja* addressed. *Id*. at 1003.

Defendant's continued submission of, and reliance on, these exhibits without authentication or evidentiary support serves the sole purpose of rebutting well-pled facts on a Rule 12(b)(6) motion. Defendant's placing of Exhibits 1, 2, and 3 in the public record constitutes the kind of immaterial and scandalous matter that can and should be stricken under the Court's discretion.

### b. Exhibit 4 Contains Protected Health Information

Exhibit 4 contains personally identifiable information in the form of a medical letter and should be struck from the record. The letter includes Plaintiff's physician's office and contact information, and is a medical document that is considered protected health information. Filing protected health information in an unsealed public exhibit is improper, and the Court should exercise its authority to strike the exhibit or, in the alternative, order it sealed to prevent further public disclosure of the identifying information contained therein. Further, Plaintiff's request to return to

AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

work is merely referenced in the FAC, whilst Defendant's Exhibit 4 contains select communications from the email chain to support Defendant's Renewed Motion to Dismiss. Exhibit 4 is particularly troubling as it contains the County's October 4, 2024 characterization of Plaintiff's alleged performance deficiencies, including disputed allegations of insubordination, illegal voter-drop-box operations, and excessive overtime. These characterizations are Defendant's self-serving framing of the termination basis. To incorporate them in full at the pleading stage would allow the County to use the doctrine as a vehicle for inserting its version of disputed events into the record, derogating Plaintiff's well-pled allegations in violation of *Khoja*, 899 F.3d at 1003. The Court should consider these exhibits, if at all, only to the extent of the specific contents Plaintiff alleged.

### c.  Exhibits 5 and 6 are Subject to Judicial Notice only

Defendant seeks to use the Associated Press article (Exhibit 5) and ProPublica article (Exhibit 6) to establish context regarding Plaintiff's public statements and Defendant's media responses. Judicial notice of news articles is available in this district and circuit, but its scope is strictly limited. Courts may notice the existence of news articles and the fact that certain information entered the public domain; they may not take notice of the truth of statements those articles contain. *Von Saher*, 592 F.3d at 960.

Defendant maintains it did not offer Exhibits 5 and 6 for their truth "as to Burgess's statements." (ECF No. 57 at p. 15, lines. 16-17). That qualification is insufficient as the articles themselves contain Defendant's own characterizations of Plaintiff as being on administrative leave "facing charges of insubordination and poor job performance," statements that go directly to disputed factual issues underlying her defamation, intentional infliction of emotional distress, and discrimination claims. The Court should consider the articles not for the truth of any assertion, but only for the limited purpose of establishing that the publications exist and that certain information became publicly available at the respective times of publication.

6

**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion to Strike Exhibits 1, 2, 3, 4, 5, and 6 to Defendant's Renewed Motion to Dismiss. In the alternative, Plaintiff requests that the Court limit its consideration of each exhibit to the scope identified herein and decline to accept the truth of any characterization or assertion that contradicts the well-pled allegations of the First Amended Complaint (ECF No. 10).

### **AFFIRMATION**

Affirmation pursuant to NRS 239B.030, the undersigned declares that this document does not contain the personal information of any person as defined by NRS 603A.040.

Dated this 15th  day of April 2026.

AHMADLAW

 //s//Hawah S. Ahmad_____
HAWAH S. AHMAD, ESQ.
300 S. Arlington Avenue, Ste. B
Reno, NV 89501
(775) 234-8670
ahmad@alawnv.com
*Attorney for Plaintiff*

7

AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of AhmadLaw, and am over the age of eighteen (18), and that on the date set forth below, I served a true copy of:

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE EXHIBITS TO**

**DEFENDANT'S RENEWED MOTION TO DISMISS**

on the party below by:

X  Electronic Service via e-filing to:
   Chris Hicks, Washoe County District Attorney
   Lindsay S. Liddell, Deputy District Attorney
   One South Sierra Street
   Reno, Nevada 89501
   lliddell@da.washoecounty.gov
   (775) 337-5700

__  E-Mail to


DATED this 15th day of April 2026.

                                    //s// *Aaron Palm*
                                    Employee of AhmadLaw

8