Case 3:25-cv-00065-NJK   Document 61-2   Filed 04/17/26   Page 1 of 7

# Exhibit 2

**Corrected Declaration of Hawah S. Ahmad, Esq.**

# Exhibit 2

**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

**DECLARATION OF HAWAH S. AHMAD, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY THE WASHOE COUNTY DISTRICT ATTORNEY'S OFFICE (HEARING REQUESTED) AND PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY THE WASHOE COUNTY DISTRICT ATTORNEY'S OFFICE (HEARING REQUESTED)**

I, Hawah S. Ahmad, Esq., in accordance with Nevada Revised Statute 53.045, do declare under the penalty of perjury under the law of the State of Nevada, the following:

1. I am over the age of eighteen and competent to testify. I have personal knowledge of the matters set forth herein and could and would testify competently thereto.

2. I am a resident of Washoe County, Nevada.

3. I am the owner of AhmadLaw PLLC, doing business as AhmadLaw, and counsel of record for Plaintiff CARI ANN P. BURGESS in Case No. 3:25 cv 00065 NJK, pending in the United States District Court for the District of Nevada.

4. On or about January 13, 2025, I filed a Complaint and Jury Demand on behalf of Plaintiff asserting employment related claims arising from her constructive discharge.

5. At that time, it was known that an unnamed Deputy District Attorney was present during Plaintiff's final meeting with Human Resources when she was placed on administrative leave.

6. Following the conclusion of the employment investigation, I sent multiple emails to the investigating attorney and Chief Deputy District Attorney Nathan Edwards requesting the investigatory report pursuant to county policy.

7. In or about February 2025, I was informed in writing that Deputy District Attorney Lindsay Liddell was assigned to the matter

8. True and correct copies of email communications between myself and Washoe County employees, including Deputy District Attorney Lindsay Liddell, are attached as exhibits to the Reply.

9. Shortly after communications with Deputy District Attorney Lindsay Liddell began, Deputy District Attorney Brandon Price was included on email correspondence.

**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

10. Based on communications and prior matters, I understood Deputy District Attorney Brandon Price to be primary counsel, with Deputy District Attorney Lindsay Liddell acting in a supporting role.

11. At no time did Deputy District Attorney Brandon Price clarify his role in this matter.

12. Deputy District Attorney Lindsay Liddell did not inform me that Deputy District Attorney Brandon Price was no longer involved.

13. I was not aware until Defendant's Opposition that Chief Deputy District Attorney Nathan Edwards was within Deputy District Attorney Lindsay Liddell's supervisory chain.

14. I have had prior professional interactions with Chief Deputy District Attorney Nathan Edwards in connection with county matters, including Board of County Commission proceedings.

15. On May 30, 2025, I filed Plaintiff's First Amended Complaint and effectuated service that same day.

16. Thereafter, Deputy District Attorney Lindsay Liddell indicated that Deputy District Attorney Brandon Price would be participating in the matter.

17. While Defendant's initial Motion to Dismiss was pending, I agreed to participate in preparation of a Joint Case Conference Report, including consenting to a magistrate judge at the request of Deputy District Attorney Lindsay Liddell.

18. Prior to November 20, 2025, I was not informed that Chief Deputy District Attorney Michael Large had a personal relationship with Magistrate Baldwin.

19. On September 15, 2025, I agreed to exchange initial disclosures. The Joint Case Conference Report referenced a limited attorney client privilege waiver, but no further information was provided.

20. After submission of the Joint Case Conference Report, the Court advised that it did not comply with the standing order regarding a stipulation to stay discovery.

AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

21. I prepared and provided a stipulation to stay discovery, which was thereafter filed.

22. The stipulation and resulting order did not include any attorney client privilege waiver.

23. On October 27, 2025, the parties participated in an Early Neutral Evaluation, during which I raised concerns regarding potential conflicts involving attorneys identified in the matter.

24. I also raised concerns regarding prior public records disclosures by the District Attorney's Office that included unredacted confidential information.

25. On November 20, 2025, I was contacted by the Court to schedule an emergency hearing. No substantive explanation for the hearing was provided.

26. Prior to the hearing, I contacted Chief Deputy District Attorney Nathan Edwards to inquire regarding scheduling and participation as I did not hear back from Deputy District Attorney Lindsay Liddell.

27. I received a communication indicating that Deputy District Attorney Lindsay Liddell was preparing for the hearing. I was confused as I was unsure how she was preparing for a hearing we both did not know about. I inquired if there was anything I should know about the ex-parte communication, to which she said no.

28. At the hearing, Magistrate Baldwin raised concerns regarding Chief Deputy District Attorney Michael Large. It was alluded that Deputy District Attorney Lindsay Liddell was knowledgeable about the conflict. I was the only one who was not.

29. November 20, 2025 was the first time Deputy District Attorney Brandon Price was identified as the individual present during the September 25, 2024 meeting referenced in the case.

30. I had not been informed prior to that hearing of any relationship between Magistrate Baldwin and Chief Deputy District Attorney Michael Large.

31. Had such information been disclosed, I would not have consented to magistrate Jurisdiction

3

AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

32.    The day prior, I was informed while advising a separate client who is a sitting County Commissioner that he had an attorney-client meeting with Chief Deputy District Attorney Michael Large and County Manager Kate Thomas to which he was given an update on the Burgess case. I reminded my client that he cannot vote on the matter as he has knowledge of the case from the Plaintiff's side.

33.    I was also very taken aback that Deputy District Attorney Lindsay Liddell represented that Chief Deputy District Attorney Michael Large didn't supervise the case as her direct supervisor, who was previously disclosed to me as having briefed our mutual client about the case.

34.    Following my objection, Magistrate Baldwin recused herself.

35.    After requesting the hearing transcript, I was informed of a December 4, 2025 email authored by Chief Deputy District Attorney Michael Large referencing the transcript.

36.    I documented the date, participants, and substance of that communication.

37.    My staff includes a legal researcher with prior investigative experience in federal government roles, with whom I discussed these matters.

38.    I delayed raising Nevada Rule of Professional Conduct 3.7 issues while dispositive motions were pending in order to avoid further delay, and because it was not known that Deputy District Attorney Elizabeth Hickman represented Plaintiff in multiple lawsuits.

39.    Following the Court's ruling on the Motion to Dismiss, Defendant sought and obtained an extension to file a renewed motion.

40.    The resulting schedule required multiple filings on the same date.

41.    Due to workload constraints, I filed related motions contemporaneously with my response to Defendant's motion to stay discovery.

42.    Upon review of Defendant's filings and disclosures, I determined that a motion to disqualify was necessary based on the totality of circumstances.

4

43.    I did not include all concerns in earlier pleadings to avoid presenting incomplete or out of context information.

44.    Defendant has characterized my position as fabricated and politically motivated, which I dispute.

45.    I have consulted with multiple attorneys in both private and government practice who advised that, under similar circumstances, governmental entities typically retain outside counsel to avoid conflicts.

46.    Following the November 20, 2025 hearing, Deputy District Attorney Lindsay Liddell requested that I provide an ethical analysis while simultaneously asserting that no conflict existed.

47.    I declined to provide such guidance and believe that consultation with the State Bar would be appropriate.

48.    I am unsure if anyone from the District Attorney's Office has consulted with the State Bar of Nevada over these ethics issues.

49.    I do not harbor personal animus toward the District Attorney's Office. My concerns are limited to ethical compliance and conflict issues in this matter.

50.    My political views or involvement in any election are unrelated to my representation of Plaintiff.

51.    On or about April 9, 2026, I submitted public records requests seeking an organizational chart for the Civil Division and a December 4, 2025 communication referenced in this matter.

52.    I was advised that responsive documents would not be available until May 11, 2026.

53.    I raised concerns regarding that delay with Chief Deputy District Attorney Nathan Edwards.

AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

5

54.     I remain concerned regarding the lack of disclosure related to screening measures involving Chief Deputy District Attorney Michael Large.

55.     I am further concerned regarding communications between counsel and individuals identified as potential witnesses.

56.     The lack of disclosure and resulting delays have prejudiced Plaintiff and prolonged resolution of this case.

57.     I do not contend that Deputy District Attorney Lindsay Liddell will necessarily be a witness. My concern relates to the involvement of other individuals and the absence of appropriate screening.

58.     The conflict issues raised concern institutional interests of the District Attorney's Office and prior representation of Plaintiff in related matters.

59.     I have provided true and correct copies of exhibits referenced in the Motion and Reply.

60.     Except where stated on information and belief, the foregoing statements are based on my personal knowledge. As to those matters stated on information and belief, I believe them to be true.

Dated April 17, 2026                                        //s// Hawah S. Ahmad
                                                            Hawah S. Ahmad

**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

6