**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cari-Ann P. Burgess,<br>Plaintiff(s),<br>v.<br>Washoe County,<br>Defendant(s). | Case No. 3:25-cv-00065-NJK[1]<br>**Order**<br>[Docket No. 51] |

Pending before the Court is Plaintiff's motion to disqualify the Washoe County District Attorney's Office from representing Defendant Washoe County. Docket No. 51. The County filed a response. Docket No. 58. Plaintiff filed a reply. Docket No. 60; *see also* Docket No. 61 (errata). The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** Plaintiff's motion to disqualify.

## I. BACKGROUND

This is an employment-related dispute arising out of Plaintiff's time as the interim registrar of voters for Washoe County. *See* Docket No. 10. During her time in that position, Plaintiff was sued in her official capacity. *See, e.g.*, Docket No. 58-4, 58-5, 58-6. The District Attorney's Office acted as counsel of record in those cases. *See, e.g.*, Docket No. 58-7. Now before the Court is Plaintiff's request to disqualify the District Attorney's Office from representing the County in this case. Docket No. 51.

## II. STANDARDS

Federal courts apply state law to decide whether to disqualify a lawyer. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).[2] Nevada courts recognize "the importance of allowing

[1] This case is proceeding before a magistrate judge on party consent. *See* Docket No. 33; *see also* Docket No. 37.

[2] If the Nevada Supreme Court has not addressed a particular issue pertinent to the pending motion, the Court must predict how it would rule using as guides intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements. *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 583 F.3d 1232, 1237 (9th Cir. 2009).

parties to be represented by the counsel of their choice." *Imperial Credit v. Eighth Jud. Dist. Ct.*, 331 P.3d 862, 865 (Nev. 2014). Nevada courts also recognize the corollary that motions to disqualify counsel may be misused as instruments of delay, harassment, and improper tactical maneuvering. *See Nevada Yellow Cab Corp. v. Eighth Jud. Dist. Ct.*, 152 P.3d 737, 743 (Nev. 2007) (quoting *Brown v. Eighth Jud. Dist. Ct.*, 14 P.3d 1266, 1270 (Nev. 2000)); *see also Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985). "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted). "Disqualification is a drastic measure which courts should hesitate to impose except when absolutely necessary." *Hernandez v. Guglielmo*, 796 F. Supp. 2d 1285, 1289-90 (D. Nev. 2011). "The party seeking disqualification bears the burden of proof." *Lindstrom v. Nev. State Militia (Nev. Nat'l Guard)*, No. 3:24-cv-001520-ART-CDS, 2024 WL 5047489, at *1 (D. Nev. Aug. 27, 2024). Hence, "[a] motion to disqualify should be accompanied by declarations and admissible evidence sufficient to establish the factual predicate upon which the motion depends." *Colyer v. Smith*, 50 F. Supp. 2d 966, 967-68 (C.D. Cal. 1999) (collecting cases).

## III. ANALYSIS

Plaintiff seeks disqualification of the District Attorney's Office based on Rules 1.7 and 3.7 of the Nevada Rules of Professional Conduct. The Court addresses each rule below.[3]

### A. Rule 1.7

The Nevada Rules of Professional Conduct provide that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) [t]he representation of one client will be directly adverse to another client; or (2) [t]here is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a

---

[3] Plaintiff's arguments not addressed explicitly herein have been rejected implicitly. *See, e.g.*, *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099-1100 (D. Nev. 2022). The Court need not address the additional arguments raised by the County given the rulings made herein.

personal interest of the lawyer." Nev. R. Prof. Cond. 1.7(a). Under Nevada law, "the party seeking to disqualify an attorney bears the burden of establishing that it has standing to do so." *State ex rel. Cannizzaro v. First Jud. Dist. Ct.*, 466 P.3d 529, 531-32 (Nev. 2020) (internal quotations omitted). "The general rule is that only a former or current client has standing to bring a motion to disqualify counsel on the basis of a conflict of interest." *Id.*; *see also, e.g.*, *Nevada Yellow Cab*, 152 P.3d at 743 (identifying elements for potentially disqualifying conflict, including that the movant must establish that she "had an attorney-client relationship with the lawyer").

The Court agrees with the County that Plaintiff's challenge fails as a threshold matter because she has not established an attorney-client relationship with the District Attorney's Office. *See* Docket No. 58 at 13-16. By their very nature, official capacity claims are effectively being brought against the government entity itself, not against the individual government employee named. *See* N.R.S 34.160; *see also, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). By extension, a government attorney representing someone sued in their official capacity has an attorney-client relationship with the governmental entity; there is no attorney-client relationship with the government employee herself. *See, e.g.*, *Cannizzaro*, 466 P.3d at 531, 532-33 (discussing and citing *Ward v. Sup. Ct.*, 138 Cal. Rptr. 532, 533-38 (Cal. App. 3d Div. 1977); *Cole v. Ruidoso Municipal Schs.*, 43 F.3d 1373, 1384 (10th Cir. 1994); *Handverger v. City of Winooski*, 38 A.3d 1158, 1160-61 (Vt. 2011); and *Salt Lake Cnty. Comm'n v. Salt Lake Cnty. Att'y*, 985 P.2d 899, 905 (Utah 1999)). Plaintiff was sued in the earlier cases in her official capacity only. *See, e.g.*, Docket No. 54-4 at ¶ 21 ("Defendant Burgess is sued in her official capacity"). Consistent with this controlling law, Plaintiff has not established that she had an attorney-client relationship with the District Attorney's Office.

In addition, the Court agrees with the County that Plaintiff has failed to provide any evidentiary basis showing that she conveyed sensitive information to the District Attorney's Office that is now being used against her. *See* Docket No. 58 at 13. The motion to disqualify is predicated on attorney statements in the briefing that Plaintiff "disclosed confidential information" during the earlier representation, which is now being used against her. *See* Docket No. 51 at 4. No evidentiary support is provided and "arguments in briefs are not evidence." *Comstock v.*

*Humphries*, 786 F.3d 701, 709 (9th Cir. 2015). Moreover, as the County points out, the concurrent motion to dismiss relies on the public record, not on confidential communication from Plaintiff. *See, e.g.*, *Ribar v. Washoe Cnty.*, 2024 WL 3665320, at *2 (Nev. Aug. 5, 2024) ("the sample ballot provided to Republican voters was defective").

Accordingly, Plaintiff has not shown a violation of Rule 1.7.

B. Rule 3.7

Plaintiff also seeks disqualification pursuant to Rule 3.7 of the Nevada Rules of Professional Conduct, Docket No. 51 at 7-9, but that rule bars counsel from acting as an advocate "at trial." The Nevada Supreme Court has held that a court manifestly abuses its discretion if it disqualifies an attorney based on their status as a potential witness when the case has not yet reached the trial phase. *Liapis v. Dist. Ct.*, 282 P.3d 733, 739 (Nev. 2012) (discussing *DiMartino v. Eighth Jud. Dist. Ct.*, 66 P.3d 945, 946-47 (Nev. 2003)). Plaintiff's arguments predicated on Rule 3.7 are premature.

## IV. SANCTIONS REQUEST

The County seeks sanctions in relation to the filing of this motion. Docket No. 48 at 21-24. The Court is dismayed by the tone of the motion practice and the inclusion of tangential (at best) accusations. The Court again reminds counsel that they must act in a courteous, civil, and professional manner. *See, e.g.*, Local Rule 1-1(c). The Court is not persuaded, however, that the standards have been met to impose monetary sanctions for the instant motion practice. *See* Docket No. 58 at 21-22 (identifying standards for inherent authority and § 1927 sanctions).

## V. CONCLUSION

For the reasons discussed below, the Court **DENIES** Plaintiff's motion to disqualify. The Court also **DENIES** the County's request for sanctions.

IT IS SO ORDERED.

Dated: June 11, 2026

Nancy J. Koppe
United States Magistrate Judge