# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Cari-Ann P. Burgess,

    Plaintiff(s),

v.

Washoe County,

    Defendant(s).

Case No. 3:25-cv-00065-NJK[1]

**ORDER**

[Docket Nos. 44, 49]

Pending before the Court is Defendant Washoe County's renewed motion to dismiss for failure to state a claim. Docket No. 44. Plaintiff filed a response in opposition. Docket No. 45. The County filed a reply. Docket No. 45. Also pending before the Court is Plaintiff's motion to strike. Docket No. 49. The County filed a response. Docket No. 57. Plaintiff filed a reply. Docket No. 59. These motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** in part the renewed motion to dismiss and **DENIES** as moot the motion to strike.

## I.    BACKGROUND

Plaintiff brings this lawsuit arising out of being placed on leave and then being terminated as registrar of voters. *See* Docket No. 10 (amended complaint).[2] The amended complaint includes federal disability-related causes of action, as well as host of state law claims. The parties are before the Court on the County's challenge to the sufficiency of the pleadings.

## II.    STANDARDS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts accept all well-pled factual allegations in the operative complaint as true and

---

[1] This case is proceeding before the undersigned magistrate judge on party consent. *See* Docket No. 33; *see also* Docket No. 37.

[2] As the parties are familiar with the facts and procedural posture, the Court will not provide an extensive background discussion herein.

construe them in the light most favorable to the nonmoving party. *Fields v. Twitter, Inc.*, 881 F.3d 739, 743 (9th Cir. 2018). To avoid dismissal, the operative complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the operative complaint must show that there is facial plausibility to the claim. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III.    ANALYSIS**

The amended complaint brings disability-related federal claims, along with various state law claims. The County challenges the sufficiency of the allegations for each of these claims.

A.    Disability Discrimination

Plaintiff's first and second claims are for alleged disability discrimination. Docket No. 29 at ¶¶ 170-180, 181-191. The County argues that Plaintiff has not plausibly alleged that she is disabled within the meaning of the ADA. *See, e.g.*, Docket No. 44 at 8-9. In particular, the County argues that a disability has not been pled plausibly based on allegations of an inability to perform a single job. *See, e.g.*, *id.* Plaintiff responds that her allegations of alleged mental health limitations and high blood pressure suffice to plead disability. *See, e.g.*, Docket No. 45 at 13-14. The County has the better argument.

To state a prima facie claim of disability discrimination under the ADA, a plaintiff must allege facts that plausibly show: (1) she is a disabled person; (2) she is a qualified individual with a disability; and (3) she suffered an adverse employment action because of her disability. *E.g.*, *Ravel v. Hewlett-Packard Enterp., Inc.*, 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017).[3] Alleging

---

[3] Plaintiff's first and second claims include reference to an alleged failure to reasonably accommodate. *See* Docket No. 10 at ¶¶ 174, 185. A cause of action predicated on a failure to reasonably accommodate requires, *inter alia*, a plausible allegation of disability. *See, e.g.*, *DeJesus v. United Healthcare Grp.*, 2025 WL 2258951, at *2 (D. Nev. Aug. 6, 2025) (citing *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003)). Plaintiff has not stated a claim on that theory because, as discussed herein, she has not plausibly alleged disability.

facts sufficiently showing a disability is generally not a tall order, particularly after passage of the Americans with Disabilities Act Amendments Act ("ADAAA"). *See* 29 C.F.R. § 1630.2(j)(1). Nonetheless, the definition of disability is not all-encompassing. A disability involves a limitation to performing a class or broad range of jobs; the inability to perform a single, particular job does not amount to a substantial limitation in the major life activity of working. *See Woolf v. Strada*, 949 F.3d 89, 94 (2d Cir. 2020); *Booth v. Nissan N. Am., Inc.*, 927 F.3d 387, 394 (6th Cir. 2019); *see also Broussard v. Univ. of California, Berkeley*, 192 F.3d 1252, 1256 (9th Cir. 1999) (same before passage of the ADAAA). Hence, a complaint fails to plausibly allege a disability when the claim is predicated on a plaintiff's alleged inability to perform a single, particular job. *See, e.g.*, *Tomlinson v. City of Portland*, No. 3:23-cv-188-SI, 2024 WL 3540638, at *6 (D. Or. July 24, 2024); *Merrill-Smith v. La Frontera Az. Empact SPC*, No. Cv-16-02677-PHX-ROS, 2018 WL 5792379, at *4 (D. Ariz. Nov. 5, 2018).

Plaintiff's amended complaint fails to plausibly allege disability. Plaintiff's contention of disability is centered on her alleging that she developed "work-induced anxiety and stress" from being registrar of voters. Docket No. 10 at ¶ 154. The amended complaint alleges repeatedly that the anxiety and stress were "caused by the job" of registrar of voters. *See id.* at ¶¶ 61, 114, 130. The amended complaint also alleges that Plaintiff remained able to work at her prior job as deputy registrar of voters. *See id.* at ¶ 115 ("Plaintiff expressed to Mr. Brown that her stress levels have substantially increased due to internal personal issues and requested to return to the position of Deputy Voter Registrar"); *see also id.* at ¶¶ 126, 130. Hence, Plaintiff alleges that she was unable to perform the specific job of registrar of voters, but that she remained able to work other jobs. As such, Plaintiff has failed to plausibly allege disability.

Accordingly, dismissal of these claims is warranted.

B.    Disability Retaliation

Plaintiff's third claim is for alleged disability retaliation. Docket No. 10 at ¶¶ 192-201. The County argues that Plaintiff has not alleged protected activity or a causal connection between any protected activity and any adverse action. *See, e.g.*, Docket No. 44 at 17-19. Plaintiff counters

that she sufficiently alleged retaliation based on her request for an accommodation. *See, e.g.*, Docket No. 45 at 17-18. The County has the better argument.

"No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). To state a prima facie claim of disability retaliation under the ADA, a plaintiff must allege facts that plausibly show: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the two. *E.g.*, *Soysal v. Cnty. of Santa Cruz*, ___ F. Supp. 3d ____, 2026 WL 381640, at *4 (N.D. Cal. Feb. 11, 2026).

The amended complaint alleges that the County retaliated against Plaintiff:

> because Plaintiff opposed Defendant's unlawful actions including voicing her concern with utilizing a voting system that was not prepared to go active and voicing concerns over Defendant not following county and state protocol or procedures relating to the employee organization chart, and access to voters' personal information. Specifically, after raising her concerns over Ms. Thomas' interference in her office by way of telling Plaintiff's staff to report to her instead of Plaintiff, Ms. Thomas' repeated her demands to give unauthorized persons access to the VREMS system against State policy and unilaterally began communicating with the Nevada Secretary of State's Office over elections. Further, Ms. Thomas engaged in a pattern of harassing behavior by being hypocritical of Plaintiff's overtime during the implementation of a new program, offering Plaintiff's department's overtime budget to others, and critiquing Plaintiff's decisions to prioritize federal deadlines.

Docket No. 10 at ¶ 193. Plaintiff's alleged activity is not related to the ADA and, by extension, is not a basis on which to claim ADA retaliation. *See* 42 U.S.C. § 12203(a) (providing claim for retaliation based on opposing action "made unlawful *by this chapter*" or by participating in a proceeding "*under this chapter*" (emphasis added). Hence, the activity on which the alleged retaliation took place is not protected by the ADA.

In her opposition papers, Plaintiff argues that the amended complaint alleges that she sought an accommodation to address her stress and anxiety, and that she plausibly alleged retaliation based on such conduct. *See* Docket No. 45 at 17-18. Plaintiff's argument does not cite

4

any paragraph in the amended complaint making such an allegation, *see id.*,[4] and the Court has not identified any such allegation within this cause of action, *see* Docket No. 10 at ¶¶ 192-201. The Ninth Circuit has rejected shotgun pleadings in which numerous factual allegations are stated and then incorporated by reference without specificity in subsequent causes of action. *See Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026). "It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Id.* at 1289. If Plaintiff meant to predicate her retaliation claim on her activity in seeking an accommodation, the amended complaint fails to do so in a manner that complies with Rule 8.

Accordingly, dismissal of this claim is warranted.

C.    ADA Title II Claim

The County argues that Plaintiff's claim under Title II fails as a matter of law because that provision does not apply to employment. Docket No. 44 at 19-20. Plaintiff does not respond to this argument, so the Court dismisses this claim as unopposed. *See, e.g.*, *Stichting Pensioenfonds APB v. Country Wide Fin'l Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011).

D.    State Law Claims

Typically, "when federal claims are dismissed before trial . . . pendent state claims should also be dismissed." *Religious Tech. Ctr v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992); 28 U.S.C. § 1367(c). Having determined that the amended complaint fails to state a federal claim, the Court in its discretion declines to opine as to the sufficiency of Plaintiff's state law claims.

E.    Leave to Amend

Plaintiff seeks leave to further amend her complaint. *See* Docket No. 45 at 28. The County argues that leave to amend would be futile, Docket No. 44 at 2, and that Plaintiff has effectively pleaded herself out of a claim, *see id.* 19. Given the liberal policies in favor of amendment, the Court will allow an opportunity to amend.

---

[4] The pending opposition papers do not include pin-citations for legal authority and frequently indicate that Plaintiff has alleged a certain fact without actually identifying where in the amended complaint she does so. *But see* Local Rule IA 7-3.

5

**IV.    CONCLUSION**

For the reasons discussed above, the Court **GRANTS** in part the renewed motion to dismiss (Docket No. 44).  A second amended complaint must be filed by July 1, 2026.  In addition, the conclusions reached herein do not require consideration of the exhibits that Plaintiff seeks to strike, so the Court **DENIES** as moot the motion to strike (Docket No. 49).

IT IS SO ORDERED.

Dated: June 11, 2026

_____
Nancy J. Koppe
United States Magistrate Judge