# EXHIBIT 1

Notice of Right to Sue from NERC on December 16, 2024.

EXHIBIT 1

COMMISSIONERS

Andre Martin, Chair
Tiffany Young, Secretary
Hanadi Nadeem
Stewart Chang
Donald Bordelove

NERC
NEVADA EQUAL RIGHTS COMMISSION
A division of the Department of Employment, Training and Rehabilitation

JOE LOMBARDO
Governor

PATRICE D. PEREZ
Acting Administrator

December 16, 2024

Hawah S. Ahmad, Esquire
AHMAD LAW GROUP
1150 Selmi Drive # 505
Reno, NV 89512
**Sent via Email:** ahmad@alawnv.com

RE: Cari Ann Burgess vs Washoe County
NERC No. 0117-24-3584 EEOC No. 34B-2025-00067

Dear Ms. Ahmad:

The Nevada Equal Rights Commission (NERC) is closing your client's case as you have requested a Right-to-Sue letter from NERC and from the Equal Employment Opportunity Commission (EEOC).

**Right-to-Sue Notice:** This letter constitutes your client's state Right-to-Sue Notice.

Please be advised that the NERC's closure does not preclude your client from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part: "If the Nevada Equal Rights Commission does not conclude that an unfair employment practice . . . has occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a practice has occurred may bring a civil action in district court not later than 90 days after the date of receipt of the right-to-sue notice..."

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90 days after the date of the receipt of the right-to-sue notice...whichever is later. When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

If you and/or your client have any questions, please do not hesitate to contact the Commission at the below listed telephone number.

Sincerely,

*Felipe A. Ortiz*

Felipe A. Ortiz
Chief Compliance Investigator Outreach Specialist
Nevada Equal Rights Commission

EEOC FORM 5(11/09)

## NEVADA EQUAL RIGHTS COMMISSION *AND EEOC (state or local agency, if any)*

| Charge Discrimination | Agencies | Charge Number |
|---|---|---|
| This form is affected by the privacy Act of 1974, See enclosed Privacy ACT Statement and other information before completing this form. | FEPA | 1017-24-3584 |
| | EEOC | 34B-2025-00067 |

| Name (indicate Mr., Ms., Mrs.) | Telephone (Incl. Area Code) | Year of Birth |
|---|---|---|
| Mrs. Cari Ann Burgess | (218) 244-5070 | 1977 |
| **Street Address** | **City, State and ZIP Code** | |
| 1201 Firefly Court | Reno, NV, 89523 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employee, Members | Phone No.(Include Area Code) |
|---|---|---|
| Washoe County | 2500 | (775) 328-2003 |
| **Street Address** | **City, State And ZIP Code** | |
| 1001 E 9th Street | Reno, NV, 89512 | |

**DISCRIMINATION BASED ON (Check appropriate box(es).)**

☐ Race ☐ Color ☐ Sex ☐ National Origin

☐ Religion ☐ Age ☑ Retaliation ☐ Gender Identity or Expression

☐ Sexual Orientation ☑ Disability ☐ Other (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**

| Earliest | Latest |
|---|---|
| 1/2024 | 09/24/2024 |

☐ Continuing action

I want this charge filed with the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date

12/06/2024

Charging Party Signature

Cari Ann Burgess

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Cari Ann Burgess

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC FORM 5(11/09)

## NEVADA EQUAL RIGHTS COMMISSION *AND EEOC (state or local agency, if any)*

| Charge Discrimination | Agencies | Charge Number |
|---|---|---|
| This form is affected by the privacy Act of 1974, See enclosed Privacy ACT Statement and other information before completing this form. | FEPA<br>EEOC | 1017-24-3584<br>34B-2025-00067 |

### THE PARTICULARS ARE

The Respondent discriminated against me due to disability discrimination and/or in retaliation. I was subjected to different terms and conditions of employment, disparate treatment, harassment, denied reasonable accommodation, denied promotion, and constructive discharge. I constructively discharged my employment on September 24, 2024. I filed an Intake Inquiry Form with intent to file a Charge of Discrimination against the Respondent with Nevada Equal Rights Commission on October 17, 2024.
On September 23, 2023, the Respondent hired me as a Deputy Voter Registrar.
On January 17, 2024, I was appointed as the Interim Registrar of Voters (ROV). I performed my job satisfactorily. At the time of my appointment as Interim Registrar of Voters, I was promised that my former position as Deputy Voter Registrar would remain open for me.
I was subjected to different terms and conditions of employment as I was informed that at the time I was hired as Deputy ROV that I would be hired as an employee with due process rights and was not told I was not until I was appointed as Interim ROV. I was forced to work multiple positions and told my overtime was "greedy" during elections. When I had to prioritize significant issues with the elections per my duties and responsibilities.
I suffered a disability (anxiety and high blood pressure) that worsened due to work-related stress and lack of support. I advised the Respondent of my disability, and I requested reasonable accommodation. I was refused re-entry into my prior position after I provided evidence of medical clearance, and then retaliated against by being told for the first time that I was insubordinate and incompetent in my job, despite the months of praise I received prior to September 23, 2024.
On September 24, 2024, the Respondent failed to enter the interactive process. I requested return to my Deputy Voter Registrar position. Human Resources, in concurrence with the District Attorney, refused me the ability to return to work when I provided the Respondent with proof of medical clearance. I was subsequently retaliated against by the County Manager and treated disparately with unfounded claims of insubordination and incompetency which I deny. I was embarased. The unfounded claims were based upon actions directed by the County Manager Eric Brown.
I was retaliated against after I addressed significant procedural issues by the County Manager's hand-placed staff and refused access to voter systems that were outside of scope as directed by the Secretary of State. Finally, my personal health information

I want this charge filed with the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date

12/06/2024

Charging Party Signature

Cari Ann Burgess

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Cari Ann Burgess

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC FORM 5(11/09)

## NEVADA EQUAL RIGHTS COMMISSION *AND EEOC (state or local agency, if any)*

| Charge Discrimination | Agencies | Charge Number |
|---|---|---|
| This form is affected by the privacy Act of 1974, See enclosed Privacy ACT Statement and other information before completing this form. | FEPA<br>EEOC | 1017-24-3584<br>34B-2025-00067 |

was disclosed to my direct supervisor and was also improperly disclosed to the Washoe County Board of Commissioners, violating my right to privacy. No other staff member had been treated this way by Washoe County, Nevada.
I was harassed by Assistant County Manager Kate Thomas, who I do not report to. When I sought accommodation pursuant to previous agreements, County Manager Brown had extensive phone conversations and text message conversations with me on September 23, 2024. Mr. Brown "highly" recommended I take administrative leave and then forced me to take personal leave. When I accepted, I informed my staff in order not to blindside them. The County Manager sent a text message to the Washoe County Board of Commissioners disclosing the health reasons of my disability "self-identified stress issues" and my accommodation request. The Washoe County Board of Commissioners were told prior to Human Resources notifying me of the meeting.
Further, the Director of Human Resources Patricia Hurley and Chief Deputy District Attorney Mary Kanderas removed my electronics and removed my access to my job. My work phone with text messages to and from the county manager were then deleted in front of me. I was then told that I was not allowed to talk to my staff, the commissioners or any outside parties about this. Claims of insubordination/incompetency were not made untill I sought to return to work. I believe that as a result of requesting reasonable accommodation, I was subjected to harassment and subjected to disparate treatment by Assistant County Manager Kate Thomas.
I believe I was treated this way because I would not report directly to Assistant County Manager Kate Thomas as she was not my supervisor, and because I refused to violate the Secretary of State's policies and procedures regarding who has access to the VRMS system.
The working conditions were so adverse that a reasonable person would not continue to subject themselves to harassment, disparate treatment and disability discrimination, that I had no alternative but to constructively discharge my employment on September 24, 2024. I was forced to take personal leave.
I believe I was discriminated against based on my disability discrimination and/or in retaliation.
I believe the Respondent's actions violated the American with Disability Act Amendments Act (ADAAA) and Nevada State Law.

I want this charge filed with the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date

12/06/2024

Charging Party Signature

Cari Ann Burgess

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Cari Ann Burgess

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

COMMISSIONERS

Andre Martin, Chair
Tiffany Young, Secretary
Hanadi Nadeem
Stewart Chang
Donald Bordelove

NERC
Nevada Equal Rights Commission
A division of the department of Employment, training and Rehabilitation

JOE LOMBARDO
Governor

PATRICE D. PEREZ
Acting Administrator

December 03, 2024

**REMEDY REQUEST and SETTLEMENT DEMAND**

**Charging Party:** Cari Ann Burgess
**Respondent:** Washoe County

**NOTICE TO CHARGING PARTY AND RESPONDENT: This Remedy Request is intended to initiate the settlement process. The amounts requested are as of the date the Remedy Request is signed. Some of the amounts may increase with the passage of time. Please review carefully. The Charging Party may or may not be entitled to any or all of the remedies requested. The Commission reserves the right to review all remedies to insure the claim is fair and equitable and meets all State and Federal standards.**

**I do hereby request as follows:**

**BACKPAY:**

**Lost commissions/tips**: $23,836.00
**Lost bonuses**:
**Lost retirement contributions (401k)**: $7,865.88
**Less for money earned, including unemployment insurance**:
**Total Back Pay requested**: $37,486.69

**COMPENSATORY DAMAGES:**

**Moving Expenses**: $5,000.00
**Storage Expenses**: $2,000.00
**Medical Costs**:$1,125.00
**Costs of seeking other employment:** $10,000.00

**Total Compensatory Damages:** $18,125.00

**BEING REHIRED/REINSTATED INTO A SIMILAR POSITION AS BEFORE:** Yes
**BEING PROMOTED TO:** Permanent Registrar of Voters
**BEING HIRED AS:** Deputy Registrar of Voters
**ALL ADVERSE INFORMATION REMOVED FROM MY PERSONNEL FILE:** Yes
**OTHER: (Including any other monetary damages. Please specify the remedies you are requesting.)**

**TOTAL MONETARY DAMAGES:**$55,611.69

COMMISSIONERS

Andre Martin, Chair
Tiffany Young, Secretary
Hanadi Nadeem
Stewart Chang
Donald Bordelove

NERC
NEVADA EQUAL RIGHTS COMMISSION
A division of the department of Employment, training and Rehabilitation

JOE LOMBARDO
Governor

PATRICE D. PEREZ
Acting Administrator

IF SETTLEMENT IS NOT REACHED BY THE PARTIES, I reserve the right to seek any and all remedies permitted under law.

**Executed on:** 12/03/2024 **by**: Cari Ann Burgess

EEOC FORM 131-A **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

| | |
|---|---|
| **Eric P. Brown County Manager**<br>**Washoe County**<br>**1001 E. 9th Street**<br>**Reno, NV 89512**<br><br>EPriceBrown@washoecounty.gov | PERSON FILING CHARGE<br>**Cari Ann Burgess** |
| | THIS PERSON<br>Claims to be aggrieved |
| | EEOC CHARGE NO.<br>**34B-2025-00067** |
| | NERC CHARGE NO.<br>**1017-24-3584** |

**NOTICE OF CHARGE OF DISCRIMINATION in Jurisdiction where NERC will initially process**
*(See the enclosed for additional information)*

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER **the American With Disability Act Amendments Act (ADAAA) and Nevada State Law.**

HAS BEEN RECEIVED BY Nevada Equal Rights Commission and sent to the EEOC for dual filing.

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA GINA or PWFA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency.

For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

ENCLOSURE(S): Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION
**See enclosed copy of Charge of Discrimination**

| DATE | NAME/TITLE OF AUTHORIZED OFFICIAL | SIGNATURE |
|---|---|---|
| **11/26/2024** | Christine Park-Gonzalez, District Director<br>Equal Employment Opportunity Commission | CHRISTINE PARK-GONZALEZ |
| **11/26/2024** | NAME/TITLE OF AUTHORIZED OFFICIAL<br>Patrice D. Perez, Acting Administrator<br>Nevada Equal Rights Commission | Patrice D. Perez |

By FAO

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** Where a charge... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, Section 503(a) of the ADA, and Section 104(f) of the PWFA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.