LINDSAY L. LIDDELL
Deputy District Attorney
Nevada State Bar Number 14079
One South Sierra Street
Reno, NV 89501
lliddell@da.washoecounty.gov
(775) 337-5700
ATTORNEY FOR WASHOE COUNTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

CARI-ANN P. BURGESS,

Plaintiff,

vs.

WASHOE COUNTY,

Defendant. /

Case No. 3:25-cv-00065-NJK

**MOTION TO STRIKE**

**(ECF No. 66)**

Defendant Washoe County, by and through counsel, hereby files its Motion to Strike Claims 3, 12, 13, and 14 from Plaintiff's Second Amended Complaint (ECF No. 66). This Motion is based on the Court's Order (ECF No. 63), the Court's inherent authority to manage its docket, the following Memorandum of Points and Authorities, and all pleadings and papers on file.

## Memorandum of Points and Authorities

### I. INTRODUCTION

Following briefing on Defendant's Motion to Dismiss, the Court dismissed Plaintiff's claims without prejudice, granting Plaintiff leave to amend her claims. (ECF No. 63). Neither the Motion to Dismiss briefing nor the Court's Order contemplated Plaintiff amending her pleading to add entirely new, previously unpled, claims. *See id.*; (ECF Nos. 44, 46); (ECF No. 45 at p. 28). Yet, in the Second Amended Complaint ("SAC"), Plaintiff now alleges four new claims: unlawful disclosure of medical information (Claim 3), a Section 1983 First Amendment claim (Claim 12), a section 1983 Due Process claims (Claim 13), and "invasion of privacy- public disclosure of private facts" (Claim 14). (ECF No. 66 at pp.

36–37, 50–57).

Leave to cure a complaint's deficiencies following Rule 12(b)(6) dismissal is not carte blanche to recast the case by adding every conceivable cause of action that Plaintiff can muster. Plaintiff improperly bypassed Rule 15 and asserted four new claims as a fait accompli. Based on this Court's authority under Rule 15, authority to enforce its orders, and inherent authority to control the docket, the Court may entirely strike these claims. Defendant respectfully requests that the Court strike the unauthorized new Claim 3, Claim 12, Claim 13, and Claim 14 from the SAC.

## II. LEGAL ANALYSIS

Rule 15 provides this Court authority to strike new claims. The Ninth Circuit has affirmed striking an amended pleading that exceeded the amendment authorized by the dismissal order, finding that "[f]airly read, the district court's order allowed [plaintiffs] to make more specific the…claims they asserted in this First Amended Complaint…, not a wholly new theory of liability." *Lizza v. Deutsche Bank Nat'l Tr. Co.*, 714 F. App'x 620, 622 (9th Cir. 2017); *see also Salem Vegas, L.P. v. Guanci*, No. 2:12-cv-01892-GMN-CWH, 2015 WL 3507651, at *4 (D. Nev. June 3, 2015) (striking new claims because the prior dismissal order permitted amendment of the deficient claim, not the addition of new claims); *Brown v. Wireless Networks, Inc.*, No. C 07-4301 EDL, 2007 WL 3105069, at *1 (N.D. Cal. Oct. 23, 2007) ("A court may strike a complaint where a plaintiff has failed to comply with Rule 15(a)."); *Yau v. Duetsche Bank Nat. Trust Co. Americas*, No. SACV 11-00006-JVS, 2011 WL 8326579, at *2 (C.D. Cal. Aug. 31, 2011) ("In order to assert claims [in the second amended complaint] that were not asserted in the FAC, Plaintiffs would have had to obtain Defendants' consent or the Court's leave...Plaintiffs did not do so. Accordingly, the [additional] claims are dismissed without prejudice."); *Larson v. Liberty Mut. Fire Ins. Co.*, CIV. 09-00308 SOM BM, 2010 WL 1962942, at *2 (D. Haw. May 13, 2010), *aff'd,* 509 Fed. Appx. 641 (9th Cir. 2013) (striking "certain claims to further the orderly progression of this case and to give effect to Rule 15(a)'s requirement that leave be sought before amending a

complaint…”).

Courts also have inherent authority to manage their dockets. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). That inherent authority includes the power to regulate the conduct of attorneys and parties who appear before the court and strike improper filings “to promulgate and enforce rules for the management of litigation.” *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing that federal courts have “certain implied powers” that are “governed not by rule or statute but by the control necessarily invested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases” (quotation omitted)).

Here, fairly read, this Court’s Order granted Plaintiff an opportunity to cure the First Amended Complaint (“FAC”); it did not grant blanket permission to enlarge the litigation with causes of action that were never pleaded. *See* (ECF No. 63 at p. 5). The Court adjudicated the sufficiency of the FAC’s disability discrimination and retaliation claims, dismissed those claims, and declined to reach the state-law claims. *Id.* at pp. 2–5. Then, “[g]iven the liberal policies in favor of amendment,” this Court “allow[ed] an opportunity to amend.” *Id.* at p. 5. The Order directed that a second amended complaint be filed, but nowhere considered or approved the addition of new constitutional, statutory-confidentiality, or privacy causes of action. *See id.* Moreover, Plaintiff did not seek leave from the Court to do so. Plaintiff’s Opposition to the Motion to Dismiss requested only, “[i]n the alternative,” “leave to amend her First Amended Complaint.” (ECF No. 45 at p. 28). That request did not identify any proposed new cause of action or different theories of liability. Neither Plaintiff’s request nor the Court’s Order brought forth, analyzed, or authorized any of the four additional claims now plead.

Rule 15’s leave requirement allows the Court to determine whether amendment is timely, prejudicial, futile, or otherwise appropriate before the case is actually expanded to add new liability theories. *Eminence Capital, LLC v. Aspeon*, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Plaintiff did not file a motion to amend, which would have provided

both the Defendant and the Court the opportunity to engage in the appropriate analysis as to whether Plaintiff should be permitted to bring any new claim in this case. Instead, Plaintiff bypassed Rule 15 analysis, and inserted four new claims in her SAC. (ECF No. 66 at pp. 36–37, 50–57). None appeared as a cause of action in the FAC. *See* (ECF No. 10). Additionally, this is not a case in which later discovery exposed a previously unavailable theory. The medical disclosure claim, the two Section 1983 claims, and the privacy tort are all based on the same underlying facts alleged in the FAC. *See* (ECF No. 66 at pp. 36–37, 50–57); (ECF No. 10 at ¶6, ¶139, ¶163, ¶166, ¶168, ¶193, ¶228, ¶246). Thus, it is appropriate to strike these new claims. *See Lizza*, 714 F. App'x at 622 (affirming striking of a new theory where the facts were previously known); *see also Royal Ins. Co. of Am. v. Southwest Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999) (late amendments asserting theories known since the inception of the action may properly be rejected).

While Plaintiff was free to ask for permission to expand the case under Rule 15, she was not free to grant herself that permission. Plaintiff deprived both the County and the Court of an opportunity to address Rule 15 considerations of four new claims this case, which now includes fourteen different claims. The Court should strike the new claims (Claims 3, 12, 13 and 14), and require that any new claim be presented first in the requisite Rule 15 motion. *See Integrated Storage Consulting Servs., Inc. v. NetApp, Inc.*, No. 5:12-cv-06209-EJD, 2014 WL 3372583, at *6 (N.D. Cal. July 9, 2014) (dismissing newly added claims because the plaintiff had neither consent nor leave and requiring a proper motion before they could be repleaded).

//

//

//

//

//

//

## V. CONCLUSION

A Rule 12(b)(6) dismissal with leave to amend is not a blank check to add entirely new causes of action. It instead provides an opportunity to correct deficiencies of existing claims that gave rise to dismissal. The SAC Claims 3, 12, 13, and 13 introduce new statutory, constitutional, and tort causes of action without the Rule 15 motion, consent, or judicial consideration required before they could properly become part of this case. The Court should give appropriate effect to its June 11, 2026 Order and enforce Rule 15 by striking those claims from the SAC in their entirety.

Dated this 10th day of September 2026.

By /s/ Lindsay L. Liddell
LINDSAY L. LIDDELL
Deputy District Attorney
ATTORNEY FOR WASHOE COUNTY

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

HAWAH SAFA AHMAD

Dated this 10th day of September, 2026.

By /s/ S. Haldeman
S. Haldeman