# EXHIBIT 1

EXHIBIT 1

**DECLARATION OF DEPUTY DISTRICT ATTORNEY LINDSAY L. LIDDELL**

**IN SUPPORT OF**

**MOTION TO EXCEED PAGE LIMIT**

I, Lindsay L. Liddell do hereby declare, under penalty of perjury, the following:

1. I am a Deputy District Attorney for the Washoe County District Attorney's Office. I am the primary attorney handling the defense for Washoe County in *Cari-Ann Burgess v. Washoe County* case no. 3:25-CV-00065-NJK. I am over the age of 18 years and can and will testify competently to the matters set forth herein.

2. I prepared Motion to Exceed Page Limit Regarding County Defendants' Motion to Dismiss the Second Amended Complaint ("Motion") based on the facts known to me to be true and accurate. I understand the importance of meeting the Court's page limits, and spent several hours attempting to reduce the draft Motion to Dismiss to the Court's 24-page limit. However, it was not possible to both address all 14 claims with at least some diligence and to maintain the 24-page limit.

3. For the County's Motion to Dismiss the Second Amended Complaint, I am requesting approximately five (5) additional pages beyond the page limit set forth in Local Rule 7-3 (not including pages for the table of contents and table of authorities). Prior to inserting these tables, the Motion to Dismiss Second Amended Complaint was twenty-nine (29) pages, which is five pages in excess of the Court's page limit of 24 pages.

4. I believe good cause exists to allow Washoe County to exceed the page limit, in an amount of five pages, for its Motion to Dismiss the Second Amended Complaint. The SAC is sixty-two (62) pages in length, excluding exhibits. (ECF No. 66). There are approximately 40 additional pages in SAC exhibits. The SAC alleges fourteen (14) different causes of action, expanding from eleven (11) claims alleged in the First Amended Complaint. *See id.*; (ECF No. 10). Additionally, the SAC includes new theories within existing claims, extending from "actually disabled" to include "regarded as disabled," and "record of disability" within the ADAAA discrimination claim. (ECF No. 66 at pp. 31–33). The SAC

also attempts in part to resurrect dismissed claims by simply omitting or altering unfavorable allegations plead in the First Amended Complaint, which requires additional legal analysis and argument. Overall, five (5) additional pages are necessary to allow for at least minimal analysis and discussion of all 14 SAC claims and their sub-theories.

Dated this 13th day of September 2026.

LINDSAY L. LIDDELL