HAWAH S. AHMAD Esq.
Nevada State Bar No. 16374
Ahmad Law PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
Telephone: (775) 234-8760
Email: ahmad@alawnv.com
*Attorney for Plaintiff*

**AHMAD LAW PLLC**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CARI-ANN P. BURGESS,

Plaintiff,

vs.

WASHOE COUNTY, a political Subdivision of the State of Nevada, ROES I through X, and Does 1 through 10, inclusive,

Defendant. /

Case No. 3:25-cv-00065-NJK

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCEED PAGE LIMIT**

Plaintiff, CARI-ANN BURGESS ("Plaintiff" or "Ms. Burgess"), by and through her counsel, Hawah S. Ahmad, Esq. of AhmadLaw, and hereby files this Opposition to Defendant's Motion to Exceed Page Limit (ECF No. 68). This opposition is made and based upon the following Memorandum of Points and Authorities, all papers and pleadings on file herein, and any and all arguments entertained by the Court in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION/BACKGROUND

Defendant Washoe County ("the County") moves for leave to file a twenty-nine-page Motion to Dismiss the Second Amended Complaint ("SAC"), five pages beyond the twenty-four-page limit allowable under LR 7-3(b). ECF No. 68. Plaintiff does not oppose a reasonable page allowance shown by a proper declaration under LR 7-3(c). Plaintiff opposes this motion because it is not

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

reasonable. Both the motion and its supporting declaration argue the merits of the County's forthcoming dismissal motion by asserting, twice, that the SAC "attempts in part to resurrect dismissed claims by simply omitting or altering unfavorable allegations" and argues that "the SAC includes new theories within existing claims, extending from "actually disabled" to include "regarded as disabled," and "record of disability" within the ADAAA discrimination" rather than confining themselves to the number of pages requested and the reasons for that number. ECF No. 68 at 2; ECF No. 68-1 ¶4. LR 7-3(c) is not a vehicle for early merits argument where Plaintiff has no structured opportunity to answer. The Court should deny the motion.

## II. LEGAL STANDARD

Local rules impose a twenty-four-page limit. LR 7-3(b). "The court looks with disfavor on motions to exceed page limits" and a party may exceed that limit only upon a showing of good cause. LR 7-3(c). The County has itself told this Court, in this same case, that "[m]otions to exceed page limits are disfavored." Def.'s Resp. to Pl.'s Mot. for Leave to Exceed Page Limit ECF No. 52 at 1 (citing LR 7-3(c)). A motion to exceed page limits must be accompanied by a declaration stating in detail the reasons for, and number of, additional pages requested. LR 7-3(c).

## III. LEGAL ARGUMENT

Plaintiff has herself required, and received, an accommodation of this kind earlier in this litigation. Plaintiff moved for retroactive leave to file a twenty-eight-page Opposition to Defendant's Renewed Motion to Dismiss, four pages over the LR 7-3(b) limit, and explained the specific reason for the overage. (Pl.'s Mot. for Leave to Exceed Page Limit, ECF No. 48). Though the County initially objected to the page limits in their responsive paper, the County ultimately did not oppose the retroactive request. It represented to the Court that "a professional courtesy permitting Plaintiff's excess filing is reasonable" under those circumstances. ECF No. 52 at 2.

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

Plaintiff does not dispute that a comparable accommodation remains available to the County here on a proper showing. Asking for more pages is not, by itself, unusual in this case or in this District. What is wrong with the County's motion is not that it asks for more pages but that the motion does not confine itself to explaining the requested extension of pages. Instead, it uses the request to argue claims not yet before the Court and the reason it does give for the number of pages is not a specific showing as required by LR 7-3(c).

Instead, the County's motion represents to the Court, before any motion to dismiss has been filed and before Plaintiff has had any occasion to respond, that the SAC "also attempts in part to resurrect dismissed claims by simply omitting or altering unfavorable allegations plead in the First Amended Complaint." (ECF No. 68 at 2). The supporting declaration repeats the identical characterization verbatim. (ECF No. 68-1 ¶4.) This matters because a motion under LR 7-3(c) does not receive the adversarial process a motion to dismiss receives. Plaintiff's opposition to the County's Motion to Dismiss will be the proper occasion to address the County's characterization of the SAC's amendments. Embedding that characterization in a page-limit motion filed the day before the response deadline and repeating it in a declaration nominally argued as "good cause" for page count, asks the Court to receive an unanswered merits argument outside the briefing schedule the Local Rules set for that argument.

Separate from the merits-argument problem, the declaration's page-count showing itself is generic. It states that the SAC is sixty-two pages, pleads fourteen claims, and includes new disability theories, and concludes from these facts alone that five additional pages are "necessary to allow for at least minimal analysis and discussion of all 14 SAC claims and their sub-theories." (ECF No. 68-1 ¶4.) The declaration does not identify which claims require the additional pages or why. A larger claim count is not an unusual circumstance. The SAC's fourteen causes of action were pleaded through amendment with leave of the Court; the growth from eleven claims to fourteen is the

ordinary product of that amendment, not evidence of the kind of genuine complexity that LR 7-3(c) requires. A page count keyed only to the number of claims, without a specific showing for the additional pages requested, is not the good-cause showing LR 7-3(c) contemplates.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court deny the Motion to Exceed Page Limit. In the alternative, Plaintiff requests that any page allowance granted be understood as resolving only the page-count question LR 7-3(c) presents, without any finding as to the characterization of the SAC that is contained in the motion and declaration.

DATED this 14th day of September, 2026.

//s// Hawah S. Ahmad______
Hawah S. Ahmad, Esq.
AHMAD LAW PLLC dba AhmadLaw
Nevada State Bar No. 16374
300 S. Arlington Avenue, Ste. B
Reno, NV 89501
(775) 234-8760
Ahmad@ALawNV.com
*Attorney for Plaintiff*

**AHMAD LAW PLLC**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of AhmadLaw, and am over the age of eighteen (18), and that on the date set forth below, I served a true copy of:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCEED PAGE LIMIT**

on the party below by:

X Electronic Service via e-filing to:
Chris Hicks, Washoe County District Attorney
Lindsay S. Liddell, Deputy District Attorney
One South Sierra Street
Reno, Nevada 89501
lliddell@da.washoecounty.gov
(775) 337-5700

__ E-Mail to

DATED 14th day of September 2026.

//s// *Aaron Palm*
Employee of AhmadLaw