EEOC Form 5 (07/24)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
| --- | --- |
| EEOC | 550-2025-00265 |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Mrs. Cari A. Burgess
Home Phone: 218-244-5070
Year of Birth: 1977
Street Address: 1201 Firefly Court
Reno, NV 89523

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Washoe County
No. Employees, Members: 501+ Employees
Phone No.: 775-328-2003
Street Address: 1001 E. Ninth Street

Reno, NV 89512

Name:
No. Employees, Members:
Phone No.:
Street Address:

DISCRIMINATION BASED ON:
Disability, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08/22/2024
Latest: 10/28/2024
Continuing Action

THE PARTICULARS ARE:

Ms. Burgess was harassed by a member of the Executive County Staff despite not reporting to her after a County Commissioner demanded she be involved with the Voter Registrar's office. After being threatened by a member of the public, Ms. Burgess expressed to the executive staff that she was experiencing significant stress and anxiety from having to fight in and out of the county and that my blood pressure substantially increased. Ms. Burgess asked to return to my original Deputy Voter Registrar position, as the harassment from the executive did not stop despite multiple confirmations that she only reported to her supervisor. The Deputy Voter Registrar position was left open per the county in case Ms. Burgess was not hired as the permanent Registrar of Voters after my interim appointment as the county purposefully released the first job listing to exclude Ms. Burgess. Executive Level staff recommended and told Ms. Burgess that she should take leave. Ms. Burgess expressed to my staff that county encouraged me to go on administrative leave to address her blood pressure and that she would be returning soon and indicated that my direct subordinate, who did in fact take over as Acting Registrar of Voters, would be in charge. The county then sent a text message to the County Commissioners stating, "Commissioners, earlier this afternoon I had a conversation with ROV CariAnn Burgess during which I recommended she request a leave of absence to address self-identified recent stress issues. Later this afternoon she convened the ROV office staff and as a result many left with the impression that I asked her to leave. This was not what was discussed but it is emblematic of recent behavior we have seen from her. As a result, tomorrow morning HR will meet with her to uh tv tv[sic] to discuss taking leave. We will also meet with the ROV team to clear the air and answer questions. I will be returning from ICMA in Pittsburgh tomorrow afternoon. Please feel free to text or

call me directly if you would like to discuss further. Thanks." Following this text, and a follow-up call from Ms. Burgess' supervisor, Washoe County Human Resources Director sent her a text message stating that I must report to HR at 8:00 a.m. the following day and am prohibited from talking to anyone. At the meeting the following morning, HR refused to intervene in staff issues and refused Ms. Burgess' request to stay in the office until the election, additionally my accommodation request to return to the Deputy Voter Registrar position that was left open for me when I was appointed at the Interim Voter Registrar was denied. Ms. Burgess was told that I could not take administrative leave and forced to take Personal Leave (my sick time, vacation time and compensatory time) and told she could not leave until she sent an email requesting personal leave from my work email via work phone. (This was after being told that her overtime during the set-up of the new VREMS system was "greedy" despite the county not having access to the system until August 22, 2024.) County staff then factory reset Ms. Burgess' phone and took her work laptop, key card and cell phone that was reset. On September 30, 2024, Ms. Burgess emailed HR requesting to be taken off of personal leave with proof of medical clearance from her medical practitioner. The county then demanded an 8:30 a.m. meeting for Thursday, October 3, 2024. When asked who would be in attendance, the county indicated it would be HR, "someone from legal" and County Manager. Ms. Burgess indicated that she would appear with legal representation. The meeting was then canceled "due to a conflict" and it was indicated that HR would be in touch by the end of the week. However, on Friday, October 4, 2024, Ms. Burgess received a letter from the county threatening to fire her if she speaks to "the media, outside parties, Washoe County staff or Commissioners," and demanded that Ms. Burgess remain on personal leave based upon an agreement that was never made. This was the first instance of the County making written claims of incompetency and insubordination, and did not follow the Washoe County employee handbook. This was a surprise as my most recent Performance Review dated July 2024 indicated that Ms. Burgess is a model employee who has "reestablished staff culture of accountability and openness" amongst other very important things. Sadly, the county discriminated against Ms. Burgess' disability (stress and high blood pressure) and unjustifiably disclosed her protected medical information to county employees and commissioners, then utilized that information to constructively discharge her.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally Signed By: Mrs. Cari A. Burgess

10/28/2024

Charging Party Signature & Date

---

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Signature of Complainant

Subscribed and sworn to before me this date: ____________________

## PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).
2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.