LINDSAY L. LIDDELL
Deputy District Attorney
Nevada State Bar Number 14079
One South Sierra Street
Reno, NV 89501
lliddell@da.washoecounty.gov
(775) 337-5700
ATTORNEY FOR WASHOE COUNTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

CARI-ANN P. BURGESS,

Plaintiff,

vs.

WASHOE COUNTY,

Defendant.
/

Case No. 3:25-cv-00065-NJK

**NOTICE OF ERRATA TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**(ECF No. 70)**

Defendant Washoe County ("County") hereby files its Notice of Errata[1] to its Motion to Dismiss Second Amended Complaint. (ECF No. 70). The errata are as follows in bold text:

1. **In ECF No. 70, page 20, lines 23–27**, the following sentences should be revised as follows:

> Section 1983 *Monell* liability may attach to a government entity when an employee acts pursuant to an "expressly adopted official policy," or where an employee committed a constitutional violation pursuant to a "longstanding practice or custom" that is so persistent and widespread that it effectively constitutes a permanent and well settled policy. *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004)~~.~~**; *Monell v. Dep't of Soc. Services of City of New York*, 98 S. Ct. 2018, 2036 (1978).**

Specifically, this clarifies that the quoted language of "persistent and widespread" and in "permanent and well settled," are derived *Monell*, rather than being quotations within

[1] Since the County first raised a potential Rule 11 issue with Plaintiff in August 2026 regarding certain allegations in the Second Amended Complaint, Plaintiff has proceeded to serve the County and undersigned counsel with Rule 11 notices and draft motions for sanctions for each of the County's motions filed thereafter. The first erratum identified herein resolves a typographical error and the third erratum provides clarification, which both address some of the issues raised in Plaintiff's September 17, 2026 Rule 11 letter and draft motion for sanctions to the County.

*Lytle*. Earlier versions of the draft motion to dismiss included citations to both *Lytle* and *Monell* following the above sentence at issue. However, during undersigned counsel's many attempts to abbreviate the motion to comply with the Court's page limit prior to moving to exceed that limit, the *Monell* citation was removed from the end of this sentence because of the mistaken belief that it was a string citation. In doing so, undersigned counsel inadvertently left in the quotation marks and inadvertently removed a necessary, rather than duplicative, case citation. Plaintiff's counsel's Rule 11 letter and motion served on the County accuses undersigned counsel of a material misrepresentation of law as a result of this error. Undersigned counsel hereby clarifies that this error arose simply from repeated edits to condense the draft motion, ultimately condensing draft language and removing the *Monell* citation. Nevertheless, the substance of the sentence is an accurate recitation of the law applicable to *Monell* claims and is supported by *Lytle* and *Monell*.

2. **In ECF No. 70, page 27, line 19**, the correct page citation for *State v. Eighth Judicial Dist. Court (Anzalone),* 42 P.3d 233 (Nev. 2002) is **240**, rather than 239. In the following sentence into page 28, on line 1, the citation thereafter should reflect: "*Id.* **at 239–40**."

3. In ECF No. 70, page 27, lines 11–13, County hereby provides clarification as regarding the following sentence:

> A false light claim requires that the claimant had a "high degree of awareness of the probable falsity" of the statement. *Nigam v. Ahmad*, 561 P.3d 597, 2024 WL 5181837 at *8 (Nev. App. 2024) (unpublished).

The County's use of the word "claimant" refers to the person claiming, declaring, expressing, stating, or otherwise communicating the alleged "false" statement, i.e., the defendant in the underlying cause of action. Plaintiff's Rule 11 draft motion for sanctions accuses County and undersigned counsel of "materially misrepresent[ing]" the above representation of law. After careful review, it appears Plaintiff may have interpreted "claimant" to mean plaintiff rather than defendant in the sentence (i.e., use of the word "claimant" to refer to a person applying for relief against another person in a lawsuit).

Recognizing the potential ambiguity that Plaintiff identified, the County hereby provides the above clarification for its third errata.

Dated this 21st day of September 2026.

By /s/ Lindsay L. Liddell
LINDSAY L. LIDDELL
Deputy District Attorney
ATTORNEY FOR WASHOE COUNTY

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

HAWAH SAFA AHMAD

Dated this 21st day of September, 2026.

By /s/ S. Haldeman
S. Haldeman