HAWAH S. AHMAD Esq.
Nevada State Bar No. 16374
Ahmad Law PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
Telephone: (775) 234-8760
Email: ahmad@alawnv.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CARI-ANN P. BURGESS,

Plaintiff,

vs.

WASHOE COUNTY,

Defendant.

______________________________________/

Case No. 3:25-cv-00065-NJK

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

**[ORAL ARGUMENT REQUESTED]**

**COMES NOW,** Plaintiff CARI-ANN BURGESS ("Plaintiff" or "Ms. Burgess"), by and through her counsel, Hawah S. Ahmad, Esq. of AhmadLaw, and hereby submits this Opposition to Defendant's Motion to Strike (ECF No. 67).

This Opposition is based upon the following Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such other evidence, argument, and matters as may properly be presented to the Court at any hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION/BACKGROUND

On June 11, 2026, this Court dismissed the First Amended Complaint's ("FAC") (ECF No. 10) disability-discrimination, retaliation, and ADA Title II claims. ECF No. 63 at 2–5. The Court declined to reach the state-law claims. *Id.* at 5. The Court then granted leave to amend in one



AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

sentence: "Given the liberal policies in favor of amendment, the Court will allow an opportunity to amend." *Id.* The Order's conclusion states: "A second amended complaint must be filed by July 1, 2026." *Id.* at 6. Neither passage limits the claims a second amended complaint may contain. *Id.* at 5–6.

To accommodate undersigned counsel's maternity leave, the parties stipulated to extend the deadline for the Second Amended Complaint ("SAC") to August 15, 2026, and to set the briefing schedule for the response of Defendant Washoe County (the "County"). ECF No. 65 at 1–2. The stipulation contains no limit on the content of the SAC. *Id.* at 1–3. The Court approved the Stipulation. *Id.* at 3. Plaintiff filed the SAC on August 17, 2026. ECF No. 66.

The SAC pleads four claims that did not appear as causes of action in the FAC. ECF No. 67 at 4. They are unlawful disclosure of confidential medical information (Claim 3), First Amendment retaliation (Claim 12), deprivation of a liberty interest without due process (Claim 13), and public disclosure of private facts (Claim 14). ECF No. 66 ¶¶ 162, 251, 266, 276. Claims 3 and 14 rest on the County's September 24, 2024 disclosure to the Board of County Commissioners and its September 25 and October 31, 2024 statements to the press. *Id.* ¶¶ 166, 278. Claim 12 rests on Plaintiff's October 23, 2024 interview with the Associated Press. *Id.* ¶ 252. Claim 13 rests on the County's public statements about its investigation and its statements to vendors. *Id.* ¶ 267.

On September 10, 2026, the County filed its Motion to Strike. ECF No. 67. The County asks the Court to strike Claims 3, 12, 13, and 14 on procedural grounds. *Id.* at 1. The County argues that Plaintiff needed a separate Rule 15 motion before pleading those claims. *Id.* at 2–4. The County's motion also invokes the Court's inherent authority to manage its docket. *Id.* at 3. It asks the Court to require that any new claim be presented first in a Rule 15 motion. *Id.* at 4. Five days later, the County moved to dismiss all fourteen claims, including Claims 3, 12, 13, and 14. ECF No. 70 at 1, 26–31, 34–35. The Court granted the County five additional pages for that motion, noting the SAC's

**AHMAD LAW PLLC**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

**AHMAD LAW PLLC**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

"fourteen complex causes of action." ECF No. 71 at 1. Plaintiff's response to that motion is due September 29, 2026. ECF No. 65 at 2.

The County's Motion to Strike fails for three reasons. First, the June 11, 2026 Order granted leave without limiting the claims Plaintiff could plead. ECF No. 63 at 5–6. The orders in the County's leave-order cases contained limits that the June 11, 2026 Order does not. *See infra* Part III.A. Second, if a separate motion was required, the Court may treat this Opposition as that request, and every *Foman* factor favors granting it. *See infra* Part III.B. Third, the County concedes that the four claims "are all based on the same underlying facts alleged in the FAC." ECF No. 67 at 4. It has already briefed all four claims on the merits. ECF No. 70 at 26–31, 34–35. Striking them would only add another round of motion practice on the same claims. Furthermore, the County does not assert that the four claims require new discovery, add a new party, or cause any prejudice to the County. *See* ECF No. 67 at 1–5. Defendant's Motion should therefore be denied.

## II. LEGAL STANDARD

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). That policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Rule's "purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1471, at 587 (3d ed. 2010)). Courts consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, prejudice "carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. The party opposing amendment "bears the burden of showing prejudice." *DCD Programs, Ltd. v.*

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

*Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

A court may treat an amended pleading filed without leave as a request for leave to amend. *Vannozzi v. Clark Cnty.*, No. 2:25-cv-00344-JAD-NJK, 2026 WL 1328416, at *2 (D. Nev. May 12, 2026). Rule 15, not Rule 16, governs that request here. Rule 16(b)(4)'s good-cause standard controls once a scheduling order has set a deadline to amend and that deadline has passed. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). No scheduling order has been entered in the instant case. *See* ECF No. 30 at 6. *Vannozzi* applied Rule 15 because the plaintiff there filed his second amended complaint before the scheduling-order deadline to amend expired. *Vannozzi*, 2026 WL 1328416, at *2 n.20.

## III. LEGAL ARGUMENT

### A. The June 11, 2026 Order Did Not Limit the Claims Plaintiff Could Plead

The County reads the Order to permit only a cure of the FAC's existing claims. ECF No. 67 at 3. The Order does **not** say that. The Order grants "an opportunity to amend" without qualification. ECF No. 63 at 5. Its conclusion directs that a second amended complaint be filed, again without qualification. *Id.* at 6. The County identifies no language in the Order that limits the claims Plaintiff could plead. *See* ECF No. 67 at 3.

This District's precedent declines to read a limit into a leave order that does not state one. *Arnell v. Mayflower Transit, Inc.*, 968 F. Supp. 521, 523 (D. Nev. 1997) (holding that an amended complaint did not exceed an order permitting the plaintiffs to add four identified claims where the order "did not state that only these claims would be allowed"). The defendant in *Arnell* argued that the order confined the plaintiffs to the four listed claims. *Id.* The court called that argument "incorrect." *Id.* Here, the June 11, 2026 Order is broader than the order in *Arnell*. It lists no claims

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

at all. ECF No. 63 at 5–6. It describes Plaintiff's request as one "to further amend her complaint." *Id.* at 5. If a list of four claims did not limit the amendment in *Arnell*, an order that lists none does not limit it either.

The County's leave-order cases involved orders that confined amendment to a stated purpose or a specified claim. For instance, in *Lizza v. Deutsche Bank Nat'l Tr. Co.*, 714 F. App'x 620 (9th Cir. 2017), the order allowed the plaintiffs "to make more specific the UDAP claims they asserted in their First Amended Complaint in compliance with Federal Rule of Civil Procedure 9(b), not to assert a wholly new theory of liability." *Id.* at 622.[1] The Ninth Circuit reviewed the striking of that pleading under the five factors that govern dismissal for failure to comply with a court order. *Id.* at 622–23. The district court there had warned the plaintiffs of the possibility of dismissal. *Id.* at 623. The County does not address those factors. *See* ECF No. 67 at 1–5. *Lizza* is also an unpublished disposition that is not precedent. *Lizza*, 714 F. App'x at 621 n.*. In *Salem Vegas*, the prior order "granted Plaintiffs leave to amend only to address the deficiencies in the specified claim." *Salem Vegas, L.P. v. Guanci*, No. 2:12-cv-01892-GMN-CWH, 2015 WL 3507651, at *4 (D. Nev. June 3, 2015). It "did not grant leave to add new claims for relief." *Id.* The court had already dismissed the plaintiffs' three other claims with prejudice. *Id.* at *2. An order that confines amendment ordinarily identifies the claims that may be repleaded. *See, e.g., Howell v. Washoe Cnty.,*[2] No. 3:24-cv-00280-CSD, slip op. at 18 (D. Nev. Mar. 24, 2025), ECF No. 28 (granting leave "to file a Second Amended Complaint (SAC) on her first, second, third, fourth, and fifth claims"). *Larson*, another of the County's cases, also involved a limited order. The plaintiff there had leave only "to add sufficient

---

[1] ECF No. 67 quotes this sentence as allowing the plaintiffs "to make more specific the…claims they asserted in this First Amended Complaint…, not a wholly new theory of liability." ECF No. 67 at 2. The first ellipsis replaces "UDAP." The second replaces "in compliance with Federal Rule of Civil Procedure 9(b)." *Lizza*, 714 F. App'x at 622. This defines the limit that the District court's order imposed.

[2] This case is specifically cited for its persuasive value, and not as precedent.

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

factual detail to support his retaliation claim under the ADA." *Larson v. Liberty Mut. Fire Ins. Co.*, No. 1:09-cv-00308-SOM-BMK, 2010 WL 1962942, at *2 (D. Haw. May 13, 2010), *aff'd*, 509 F. App'x 641 (9th Cir. 2013). Even so, the court recognized that "striking claims is generally disfavored in the absence of prejudice." *Id.* The June 11, 2026 Order contains none of the limiting language found in these cases. ECF No. 63 at 5–6. The County also points to Plaintiff's earlier request for leave, which did not identify new claims. ECF No. 67 at 3 (citing ECF No. 45 at 28). However, the request was not limited to the existing claims as it asked generally for "leave to amend her First Amended Complaint." ECF No. 45 at 28. The Order did not adopt any limit, and rested on "the liberal policies in favor of amendment." ECF No. 63 at 5.

### B. If Leave Was Required, the *Foman* Factors Support Granting It

If the Court concludes that Plaintiff needed a separate motion, the remedy is to decide leave now, not to strike the claims. Another court in this District took that course this year in a similar scenario. *Vannozzi v. Clark Cnty.*, No. 2:25-cv-00344-JAD-NJK, 2026 WL 1328416, at *2–3 (D. Nev. May 12, 2026). There, the county moved to strike three claims the plaintiff added to a second amended complaint without first seeking leave, and it moved to dismiss the entire pleading. *Id.* at *1–2. The leave order there was narrower than the one here. It granted leave "to amend [the plaintiff's] disability-discrimination and retaliation claims." *Id.* at *2. The county argued that the order allowed only a cure of those claims. *Id.* The court agreed that the plaintiff "should have sought leave before adding these claims." *Id.* It still declined to strike them. *Id.* at *2–3. The added claims did "not introduce a new employment episode, adverse action, decisionmaker, or body of proof." *Id.* at *3. The county could "address these claims on their merits" in its summary-judgment motion. *Id.* The court "construe[d] [the plaintiff's] opposition as a request for leave after the fact, grant[ed] that request, and den[ied] the motion to strike." *Id.* The same result is warranted here.

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

**1) The County Identifies No Prejudice**

The motion to strike does not claim prejudice. *See* ECF No. 67 at 1–5. It says only that Plaintiff "deprived both the County and the Court of an opportunity to address Rule 15 considerations" of the new claims. *Id.* at 4. This Opposition gives both that opportunity now. The County concedes that the four claims rest on "the same underlying facts alleged in the FAC." *Id*. Those facts are the County's disclosures of Plaintiff's health information in September and October 2024, her October 23, 2024 interview with the Associated Press, and the County's public statements about her. ECF No. 66 ¶¶ 166, 252, 267, 278. And the disclosure theory should come as no surprise to the County, as Plaintiff's opposition to the County's prior motion relied on the County's "public disclosure of her private medical information." ECF No. 45 at 24. The vendor theory is no surprise either. Claim 13 also rests on written statements that a County employee began sending to the County's election-services vendors in or about November 2024, while Plaintiff was on leave, stating that she never had authority to sign contracts on the County's behalf. ECF No. 66 ¶¶ 29, 98, 267. The FAC alleged the same statements. ECF No. 10 ¶¶ 153, 197. The County also received a response deadline of September 15, 2026, a month after the SAC deadline. ECF No. 65 at 2

The County has already briefed all four claims on the merits. ECF No. 70 at 26–31, 34–35. Striking them would not spare the County that work. It would add a Rule 15 motion, a response, and a ruling, followed by renewed merits briefing on the same four claims. This case is still at the pleading stage. On April 6, 2026, the Court stayed all proceedings other than motion practice on the County's prior motion to dismiss and the motion to disqualify. ECF No. 55. The County's pending motion asks the Court to decide whether the SAC states any claims at all. ECF No. 70 at 1. Striking four of its claims now would only delay that determination.

**2) The Remaining *Foman* Factors Favor Amendment**

The motion to strike does not argue bad faith or dilatory motive. *See* ECF No. 67 at 1–5. It

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

argues that the four claims rest on facts known from the start of the case. *Id.* at 4. That is an argument about delay. "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The County's delay authority affirmed the denial of leave sought only after summary judgment. *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999); *see* ECF No. 67 at 4. The County pairs its delay argument with no showing of prejudice. *See* ECF No. 67 at 1–5.

The record also shows no undue delay. The Court first ruled on the sufficiency of Plaintiff's claims on June 11, 2026. ECF No. 63. Its earlier order declined to reach that question. ECF No. 39 at 3–4. The SAC is Plaintiff's first amendment since the June 11 ruling. Plaintiff filed the SAC on August 17, 2026, about two months after that ruling. ECF No. 66. The County joined the stipulation that extended the time to file it. ECF No. 65 at 1–3. None of the four claims appeared in the FAC. ECF No. 67 at 4. There is no prior failure to cure them. The county in *Vannozzi* relied on the fact that the plaintiff filed his second amended complaint "after two prior amendments." *Vannozzi*, 2026 WL 1328416, at *2. The court still granted leave. *Id.* at *2–3. Claims built on facts already in the case bring no surprise and no new body of proof. *See id.* at *3.

The motion to strike does not argue futility. *See* ECF No. 67 at 1–5. The County's merits arguments against these claims are in its motion to dismiss. ECF No. 70 at 26–31, 34–35. Plaintiff will respond to them there. If any of the four claims is deficient, the Court can say so when it rules on that motion. Striking the claims is not needed to reach that result. *See Vannozzi*, 2026 WL 1328416, at *3 (declining to strike for futility where the county had not developed the argument).

**C. Striking the Claims Would Undermine Judicial Economy**

The County also invokes the Court's inherent authority to manage its docket. ECF No. 67 at 3. Those powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

**AHMAD LAW PLLC**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).[3] Striking four claims the County has already briefed on the merits would not advance that purpose. It would delay a ruling on those claims and duplicate the briefing. Plaintiff does not ask the Court to set Rule 15 aside. Plaintiff instead asks the Court to apply Rule 15 now, on a record that already contains the County's merits arguments.

**IV. CONCLUSION**

For the foregoing reasons, the Court should deny the Motion to Strike.

DATED this 24th day of September 2026.

//s// Hawah S. Ahmad______
Hawah S. Ahmad, Esq.
AHMAD LAW PLLC dba AhmadLaw
Nevada State Bar No. 16374
300 S. Arlington Avenue, Ste. B
Reno, NV 89501
(775) 234-8760
Ahmad@ALawNV.com
*Attorney for Plaintiff*

[3] ECF No. 67 quotes this passage as "the control necessarily invested in courts." ECF No. 67 at 3. The opinion reads "vested." *Chambers*, 501 U.S. at 43.

**AHMAD LAW PLLC**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of AhmadLaw, and am over the age of eighteen (18), and that on the date set forth below, I served a true copy of:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE [ORAL ARGUMENT REQUESTED]**

on the party below by:

X Electronic Service via e-filing to:
Chris Hicks, Washoe County District Attorney
Lindsay L. Liddell, Deputy District Attorney
One South Sierra Street
Reno, Nevada 89501
lliddell@da.washoecounty.gov
(775) 337-5700

DATED this 24th day of September 2026.

//s// ___Aaron Palm________
Employee of AhmadLaw