HAWAH S. AHMAD Esq.
Nevada State Bar No. 16374
AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
Telephone: (775) 234-8760
Ahmad@alawnv.com
*Attorney for Plaintiff*

**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CARI-ANN P. BURGESS,

Plaintiff,

vs.

WASHOE COUNTY, a political Subdivision of the State of Nevada, ROES I through X, and Does 1 through 10, inclusive,

Defendant. /

Case No. 3:25-cv-00065-NJK

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

Plaintiff, CARI-ANN BURGESS ("Plaintiff" or "Ms. Burgess"), by and through her counsel, Hawah S. Ahmad, Esq. of AhmadLaw, hereby files her Motion to Exceed Page Limit regarding her Opposition to Defendant's Motion to Dismiss Second Amended Complaint (ECF No. 70).

This Motion is based upon the following memorandum of points and authorities and the attached declaration of Hawah S. Ahmad, Esq.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Local Rule 7-3 limits responses to non-summary-judgment motions to 24 pages, excluding exhibits, and provides that "[p]arties must not circumvent this rule by filing multiple motions." LR 7-3. The Court retains discretion to permit over-length filings on a showing of good cause. See LR 7-3(c). Pursuant to LR 7-3(c), a motion to file brief exceeding these pages limits will only be granted

on a showing of good cause. This Motion is timely filed before expiration of Plaintiff's response deadline. See (ECF No. 65).

## II. LEGAL ARGUMENT

Good cause exists to permit Plaintiff to exceed the 24-page limitation for her Opposition to Defendant's Motion to Dismiss by up to ten (10) pages, for a total of thirty-four (34) pages. Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 70) is twenty-nine pages, exclusive of its twelve-page tables of authorities and eighteen pages of exhibits. The Motion also contains eight substantive footnotes, including one that improperly threatens sanctions under Federal Rule of Civil Procedure 11, as well as several misquoted references to Plaintiff's Second Amended Complaint (ECF No. 66). The additional pages are therefore necessary to address the numerous arguments raised in the Motion and to accurately respond to Defendant's characterization of the Second Amended Complaint and the record.

From a brief review of Defendant's Motion to Dismiss Second Amended Complaint (ECF No. 70), it is apparent that analysis is required to respond to Defendant's arguments against the claims for relief, and the repeated argument that Plaintiff resurrects dismissed claims by simply omitting or altering unfavorable allegations plead in the First Amended Complaint. Further, Defendant's substantive footnotes needlessly expand the Motion by adding argument and analysis that would ordinarily appear in the body of the brief. Plaintiff must nevertheless address those arguments to ensure that the Court has a complete and accurate response to the Motion, particularly Defendant's improper threat of sanctions under Federal Rule of Civil Procedure 11. The additional pages are therefore necessary to address the full scope of Defendant's arguments, correct Defendant's mischaracterizations and misquotations of the Second Amended Complaint, and provide the Court with a complete analysis of the issues presented. Without the requested extension, Plaintiff would be

AHMADLAW
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

forced to omit necessary arguments or materially limit its response to issues Defendant has affirmatively placed before the Court.

Plaintiff is hopeful her response can be addressed without utilizing all ten additional pages, but would like to err on the side of caution. Plaintiff is mindful of the Court's page limits, and the Court's Minute Order in Chambers (ECF No. 56), and files this motion significantly before the response due date, in compliance with local rules. No party will be prejudiced by such extension of page limits. Undersigned Declaration is attached hereto as Exhibit A.

Based on the foregoing, Plaintiff respectfully requests that the Court grant this Motion to Exceed Page Limit, allowing Plaintiff up to an additional ten (10) pages, not including the table of contents or table of authorities, for her Opposition to Motion to Dismiss the Second Amended Complaint.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant leave to file an additional ten (10) pages for Plaintiff's Opposition to Defendant's Motion to Dismiss Second Amended Complaint (ECF No. 70).

## AFFIRMATION

Affirmation pursuant to NRS 239B.030, the undersigned declares that this document does not contain the personal information of any person as defined by NRS 603A.040.

Dated this 25th day of September 2026.

AHMADLAW

_//s//Hawah S. Ahmad_____
HAWAH S. AHMAD, ESQ.
300 S. Arlington Avenue, Ste. B
Reno, NV 89501
(775) 234-8760
ahmad@alawnv.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of AhmadLaw, and am over the age of eighteen (18), and that on the date set forth below, I served a true copy of:

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

on the party below by:

X Electronic Service via e-filing to:
Chris Hicks, Washoe County District Attorney
Lindsay L. Liddell, Deputy District Attorney
One South Sierra Street
Reno, Nevada 89501
lliddell@da.washoecounty.gov
(775) 337-5700

__ E-Mail to

DATED this 25th day of September 2026.

//s// *Aaron Palm*
Employee of AhmadLaw

**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

**INDEX OF EXHIBITS**
3:25-cv-00065-NJK

| Exhibit Number | Description | Number of Pages |
|---|---|---|
| A | Declaration of Hawah S. Ahmad, Esq. | 3 |

**AHMADLAW**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760