HAWAH S. AHMAD Esq.
Nevada State Bar No. 16374
Ahmad Law PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
Telephone: (775) 234-8760
Email: ahmad@alawnv.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CARI-ANN P. BURGESS,

Plaintiff,

vs.

WASHOE COUNTY, a political subdivision of the State of Nevada, ROES I through X, and Does 1 through 10, inclusive,

Defendant. /

Case No. 3:25-cv-00065-NJK

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (ECF NO. 67)**

Plaintiff, CARI-ANN P. BURGESS ("Plaintiff" or "Ms. Burgess"), by and through her counsel, Hawah S. Ahmad, Esq. of Ahmad Law PLLC, submits this Sur-Reply in Opposition to Defendant Washoe County's (the "County") Motion to Strike (ECF No. 67). This Sur-Reply is filed based upon a Stipulation between counsel (ECF. No. 80) and the preceding Minute Order in Chambers stating, "ORDER GRANTING the parties' 80 stipulation; Re: 67 Motion to Strike Plaintiff must file her sur-reply no later than October 30, 2026. IT IS SO ORDERED." (ECF No. 81). This Sur-Reply addresses only matters the County raised for the first time in its Reply (ECF No. 78).[1]

[1] Exhibit 1 is the February 14–18, 2025 email correspondence between counsel, with settlement communications redacted under Federal Rule of Evidence 408. Exhibit 2 is the Declaration of Hawah S. Ahmad, Esq., which authenticates Exhibit 1. Both are attached to this Sur-Reply.



AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

This filing is made and based upon the following Memorandum of Points and Authorities, all papers and pleadings on file herein, and any argument the Court entertains at hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Motion to Strike argued that Plaintiff needed leave of court under Rule 15 before adding Claims 3, 12, 13, and 14 to her Second Amended Complaint ("SAC"). ECF No. 67 at 2–4. It did not argue bad faith or prejudice, and it did not raise the futility grounds the Reply now asserts. *Id.* at 1–5. Its only reference to timing was a one-sentence parenthetical. *Id.* at 4. Plaintiff's Opposition answered the leave argument and, alternatively, asked the Court to treat the Opposition as a request for leave under Rule 15(a)(2). ECF No. 73. The Reply then argued bad faith, undue delay, and prejudice for the first time and added what it calls "additional bases" for futility. ECF No. 78 at 2, 4–12. The Reply also introduces those bases as arguments "[i]n addition to" the Motion to Dismiss four separate times. *Id.* at 7, 9, 10, 11. Plaintiff has had no opportunity to answer them. This Sur-Reply addresses them in the order the Reply presents them.

## II. LEGAL ARGUMENT

### A. The Court Should Consider Plaintiff's Sur-Reply to Address New Arguments Raised for the First Time in the County's Reply

"The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). The County's Reply raises bad faith, undue delay, and prejudice for the first time, and introduces new futility grounds for each challenged claim. Those arguments were available to the County when it filed its Motion to Strike and Motion to Dismiss. The new futility grounds also expand the separately pending Motion to Dismiss, which is fully briefed. ECF Nos. 70, 76, 77-1, 79. Because the County raised these matters for the first time in its Reply, Plaintiff had no prior opportunity to address them. The Court granted Plaintiff leave to

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

file this Sur-Reply specifically providing that opportunity. Accordingly, the Court should consider Plaintiff's Sur-Reply and the arguments presented in response to the County's newly raised matters.

**B. *Lizza* Does Not Supply a Limit the June 11, 2026 Order Lacks**

The Reply calls the dismissal order in *Lizza* "silent" on new theories and argues that silence meant prohibition. ECF No. 78 at 3. The *Lizza* order was not silent. It permitted an amended UDAP claim "within the limits specified by this Order." *Lizza v. Deutsche Bank Nat'l Tr. Co.*, 1 F. Supp. 3d 1106, 1123 (D. Haw. 2014). The Reply identifies no comparable limit in the June 11, 2026 Order. *See* ECF No. 78 at 2–4. The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial requires a showing of undue delay, bad faith, prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The County did not attempt that showing in its Motion. It attempts it in Reply.

**C. The Rule 15 Factors Favor Leave**

**1. The First Amended Complaint ("FAC") Pleaded Each Theory, and the County Has Briefed Each One**

The Reply's bad-faith and delay arguments assume that Plaintiff withheld these four claims until after the June 11, 2026 Order. ECF No. 78 at 5–6. Its prejudice argument assumes that notice of the facts was not notice of the claims. *Id.* at 7. The record shows otherwise:[2]

| SAC claim | Where the FAC pleaded it | Where the County briefed it |
|---|---|---|
| Claim 3 – Medical Disclosure | The County "disclos[ed] her personal health information from a disability-related inquiry that was required to [be] treated as a confidential medical record." ECF No. 10 ¶ 184; *see also id.* ¶¶ 147, 176, 227–28. | ECF No. 15 at 15 (citing FAC ¶ 184); ECF No. 22 at 8–9 (theory "would fail" because the information was "voluntarily disclosed"); ECF No. 70 at 26–27 (same); ECF No. 78 at 8 (same). |

[2] The FAC's paragraph numbering restarts at its General Allegations. Citations to FAC ¶¶ 1–35 therefore include a page number.

| SAC claim | Where the FAC pleaded it | Where the County briefed it |
|---|---|---|
| Claim 12 – First Amendment Retaliation | The County told Plaintiff “to refrain from speaking to the media.” ECF No. 10 ¶ 139. She spoke to the Associated Press. *Id.* ¶¶ 145, 148. The County “placed Plaintiff on administrative leave and opened an investigation” “in retaliation for Plaintiff speaking to the media.” *Id.* ¶¶ 209, 235. The FAC invoked the Constitution and § 1983. *Id.* at 4 ¶ 29. | ECF No. 15 at 7 and ECF No. 44 at 6 (speaking to the media was “insubordinate”); ECF No. 44 at 15; ECF No. 46 at 6–7 (Plaintiff’s “First Amendment claims”); ECF No. 70 at 29 (speech “now underlying the First Amendment Retaliation claim” is in FAC ¶¶ 145, 148). |
| Claim 13 – Due Process | Plaintiff was hired “as a due process employee with a liberty interest in her position.” ECF No. 10 at 7 ¶ 6. The County misrepresented her terms of employment “to terminate Plaintiff’s position without due process.” *Id.* ¶ 210. It told her she had “no entitlement to . . . appeal procedures.” *Id.* ¶ 169. | ECF No. 15 at 16 (quoting FAC ¶ 210); ECF No. 15 at 23 and ECF No. 44 at 24 (Plaintiff received “notice, paid leave pending action, and an opportunity to be heard”); ECF No. 67 at 4 (citing FAC ¶ 6). |
| Claim 14 – Public Disclosure of Private Facts | Tenth Claim, invasion of privacy (false light), based on the County’s October 31, 2024 statement that Plaintiff had been on leave “for medical reasons.” ECF No. 10 ¶¶ 245–51. The County “did not handle the information as confidential information” and told the media “that Plaintiff took personal leave due to her disability.” *Id.* ¶ 228. | ECF No. 15 at 20–22 and ECF No. 44 at 21–22 (“false light/invasion of privacy”); ECF No. 46 at 11 (Plaintiff’s “‘medical’ disclosures” theory); ECF No. 67 at 4 (citing FAC ¶¶ 228, 246). |

Plaintiff also pressed these theories in her briefing on the FAC. ECF No. 22 at 8 (citing ECF No. 20 at 18); ECF No. 45 at 24. The County’s notice was not limited to the facts. It has briefed these theories since July 2025.

### 2. The SAC Responds to the June 11, 2026 Order

The FAC included the factual and legal theories later pleaded as separate claims in the SAC, but incorporated them within other causes of action. The June 11, 2026 Order identified that pleading structure as a defect. The Court explained that the Ninth Circuit “has rejected shotgun pleadings in which numerous factual allegations are stated and then incorporated by reference without specificity in subsequent causes of action.” ECF No. 63 at 5 (citing *Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026)). The SAC pleads each theory as its own claim, supported by its own facts. ECF No. 66 ¶¶ 162–69, 251–83. That is a cure, not the “tactical amendment” the Reply describes. ECF No. 78 at 5. The County’s arguments effectively foreclose any opportunity for Plaintiff to cure

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

the pleading deficiencies identified in the June 11, 2026 Orde. Its Motion to Dismiss faults the SAC because Plaintiff "changed material allegations, removed unfavorable facts, and reassigned the causes of the same employment decisions." ECF No. 70 at 11. Its Motion to Strike faults the SAC for giving theories already in the case their own counts. ECF No. 67 at 4. The purpose of an amended complaint is to amend the prior pleading. Here, Plaintiff reorganized and separately pleaded factual and legal theories that were already included in the FAC, consistent with the June 11, 2026 Order identifying the prior pleading structure as deficient. The County's position would effectively penalize Plaintiff for correcting the very pleading defect the Court identified.

**3. The Record Does Not Support a Finding of Bad Faith**

The Reply relies on *Griggs*, which reversed a denial of leave to amend. ECF No. 78 at 4–5; *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). *Griggs* held that the Rule 15 determination "should be performed with all inferences in favor of granting the motion." *Id.* at 880. It permits denial where the plaintiff "merely is seeking to prolong the litigation by adding new but baseless legal theories." *Id.* at 881. The County identifies no meritless or baseless legal theory; instead, it has repeatedly addressed each of the four claims on the merits. *Supra* § II.C.1. Plaintiff filed the SAC about two months after the Court's first ruling on the sufficiency of her claims, within the deadline the Court set. ECF No. 65 at 2; ECF No. 66; *see* Fed. R. Civ. P. 6(a)(1)(C).

**4. The County's Delay Argument Ignores the Procedural History**

The Reply quotes *Hutchinson* for the statement that a plaintiff "misunderstands the relevant amendment standard." ECF No. 78 at 6. That language does not appear in the opinion. *See Hutchinson v. Lausell*, 672 F. Supp. 43 (D.P.R. 1987). In *Acri*, counsel admitted that the delay was a tactical choice, and the district court found that the motion was brought to avoid an adverse summary judgment ruling. *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398–99 (9th Cir. 1986). Neither circumstance is present here. The County counts eighteen months

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

from the original Complaint. ECF No. 78 at 5–6. The four theories were pleaded in the FAC, four months after the original Complaint. *Supra* § II.C.1. The Court first ruled on the sufficiency of Plaintiff's claims on June 11, 2026. ECF No. 63. Plaintiff amended two months later, pursuant to the Court's Order and the parties' stipulation. ECF No. 66.

**5. Prejudice**

The party opposing amendment "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The Reply's only factual showing is an unsworn statement that the County "expended substantial litigation resources researching case law and drafting its dismissal arguments on the new claims." ECF No. 78 at 7. The County has briefed each theory since July 31, 2025. ECF No. 15; *supra* § II.C.1. Part of the work was correcting the County's own citations. ECF No. 72 at 1–2 (correcting ECF No. 70 at 27, 34). Time spent correcting its own citations is not prejudice caused by amendment.

The Reply argues that the four claims involve different elements, defenses, and discovery. ECF No. 78 at 6–7. The County has already briefed those elements and defenses. ECF No. 70 at 26–31, 34–35. Discovery is stayed until the Court rules on the motions to dismiss, including motions directed at "any amended complaint." ECF No. 30 at 6–7. The County identifies no discovery it has lost and no deadline it cannot meet. Its authority involved a delay of nearly two years and a "radical shift in direction." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The County concedes that these four claims rest on facts pleaded in the FAC. ECF No. 67 at 4. If litigation cost is prejudice, it runs the other way. Since the SAC, the County has filed a motion to strike, a motion to exceed the page limit, a motion to dismiss, an errata, and a Reply that adds five pages of new dismissal argument. ECF Nos. 67, 68, 70, 72, 78.

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

**D. The Reply's New Futility Grounds Fail**

**1. Claim 3: Plaintiff Alleges Tangible Injury**

The Reply argues that Claim 3 fails for want of a "tangible injury," relying on *McCarthy v. Brennan*. ECF No. 78 at 8–9. *McCarthy* held that the plaintiff "adequately alleged" tangible injury and that termination "may serve as the 'tangible injury' for the purposes of an improper disclosure claim." *McCarthy v. Brennan*, 230 F. Supp. 3d 1049, 1066–67 (N.D. Cal. 2017). The SAC alleges that the County's disclosures caused the loss of employment and career opportunities. ECF No. 66 ¶ 169. It alleges that Plaintiff has applied for more than 150 positions, including at least eighteen in election administration. *Id.* ¶ 101.

**2. Claim 12: The Speech Addressed a Matter of Public Concern**

The Reply argues that Plaintiff's Associated Press interview did not address a matter of public concern. ECF No. 78 at 9. The Motion to Dismiss challenged Claim 12 only on *Monell*, employee-speech, and causation grounds. ECF No. 70 at 27–29. Whether speech addresses a matter of public concern turns on "the content, form, and context" of the speech. *Coszalter v. City of Salem*, 320 F.3d 968, 973–74 (9th Cir. 2003) (internal quotation marks omitted). "[S]peech that concerns 'issues about which information is needed or appropriate to enable the members of society' to make informed decisions about the operation of their government merits the highest degree of first amendment protection." *Id.* at 973 (quoting *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir. 1983)). The speech need only "substantially involve[]" a matter of public concern. *Greisen v. Hanken*, 925 F.3d 1097, 1109 (9th Cir. 2019).

The Associated Press sought Plaintiff out for a story about the removal of the chief election official of a swing county weeks before a presidential election. ECF No. 66 ¶ 252. Plaintiff spoke after the County had given the public its own account of her absence. *Id.* The Reply concedes that "the simple fact that the Plaintiff was on leave but the County was committed to running a fair

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

election is of public concern." ECF No. 78 at 9. The County's counsel described the investigation as involving "many validated concerns regarding Ms. Burgess's inability to carry out her Interim-ROV election duties in accordance with state and federal law." Ex. 1 at 1. By the County's own account, the dispute concerned the ability of its chief election official to administer an election. The Reply's suggestion that Plaintiff lacked "firsthand knowledge" of election operations cites no authority imposing such a requirement. ECF No. 78 at 9.

**3. Claim 13: The Ninth Circuit Does Not Require a Request, and Plaintiff Asked**

The Reply argues that Claim 13 fails because Plaintiff did not request a name-clearing hearing. ECF No. 78 at 10–11. It relies on *Perry v. City of Orofino*, No. 3:24-cv-00598-REP, 2025 WL 2223416, at *8 (D. Idaho Aug. 5, 2025),* which attributes that element to *Tibbetts.* ECF No. 78 at 10. *Tibbetts* does not discuss a request requirement. See generally *Tibbetts v. Kulongoski,* 567 F.3d 529 (9th Cir. 2009). The Ninth Circuit's test has no request element. A plaintiff must show "the public disclosure of a stigmatizing statement by the government, the accuracy of which is contested, plus the denial of 'some more tangible interest[] such as employment,' or the alteration of a right or status recognized by state law." *Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 982 (*9th Cir. 2002) (quoting Paul v. Davis, 424 U.S. 693, 701, 711 (1976)). Where those elements exist, the plaintiff is "entitled to notice and a hearing to clear his name." Id. *(*quoting *Bollow v. Fed. Reserve Bank*, 650 F.2d 1093, 1100 (9th Cir. 1981)).

Plaintiff asked anyway. The County's written policy allows a Board-appointed department head to protest investigation findings at a noticed public meeting of the Board, with counsel, and to "present evidence, provide testimony and present witnesses related to the protest." ECF No. 66-6 at 6–7. Plaintiff was a Board-appointed department head. ECF No. 66 ¶ 28; ECF No. 70-5 at 2. At her December 19, 2024 investigative interview, Plaintiff and her counsel were told that no specific allegations had been made and that no complaint was on file. ECF No. 66 ¶ 88. The County

**AHMAD LAW PLLC**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

substantiated violations of its Code of Conduct on February 5, 2025. *Id.* ¶ 90. On February 6, 2025, Plaintiff's counsel received a "Summary of Findings and Conclusions of Investigation" that contained no recommendations. Ex. 1 at 4. On February 12, 2025, the County terminated Plaintiff. ECF No. 66 ¶ 94. Plaintiff's counsel first received the January 15, 2025 investigation report, in incomplete and redacted form, on February 14, 2025. Ex. 1 at 1–2; ECF No. 66 ¶ 272.

On February 14, 2025, Plaintiff's counsel wrote to the County's counsel. Ex. 1 at 4. She stated that Plaintiff "was the de facto Head of Department as the Interim Registrar of Voters." *Id.* She asked whether there was a "Notice of Investigation Findings, Actions and Recommendations" that she had missed. *Id.* She asked whether, because a permanent Registrar had been appointed, "there is no process for my client to 'protest the investigation findings and recommendations.'" *Id.* Those phrases track the County's policy. ECF No. 66-6 at 6. Earlier that day, counsel reminded the County that she had asked at the investigative interview "to be placed on Notice of the complaints that were being investigated." Ex. 1 at 2. The County's counsel answered on February 18, 2025. *Id.* at 4. She wrote that Plaintiff "automatically reverted to the Deputy ROV position" and "has no entitlement to classified employees' progressive discipline or appeal procedures." *Id.* She closed: "If Ms. Burgess wishes to continue litigation, we will move forward on that end." *Id.* The answer offered no hearing. *Id.* The FAC pleaded that answer. ECF No. 10 ¶ 169. The Reply does not mention it. *See* ECF No. 78 at 10–11. The same counsel signed the Reply. *Compare* Ex. 1 at 4, *with* ECF No. 78 at 12.

The Reply characterizes Plaintiff's requests as requests for "documents and information." ECF No. 78 at 11. The February 14 inquiry asked whether the County's protest procedure remained available. Ex. 1 at 4. Plaintiff did not "lie in wait." ECF No. 78 at 11 (quoting *Winskowski v. City of Stephen*, 442 F.3d 1107, 1111 (8th Cir. 2006)). Her counsel asked two days after the termination, and the County answered. Ex. 1 at 4. The County's position has also shifted. In moving to dismiss

**AHMAD LAW PLLC**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

the FAC, it argued that "[d]ue process would only require notice, paid leave pending action, and an opportunity to be heard," and that "Burgess was provided with all three." ECF No. 15 at 23; ECF No. 44 at 24. It now argues that Plaintiff never asked to be heard. ECF No. 78 at 10–11. Leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). The SAC alleges that the County never offered a hearing. ECF No. 66 ¶ 272. Plaintiff can plead the February 2025 exchange if the Court requires it.

**4. Claim 13: The Accuracy of the County's Statements Is Contested**

The Reply argues that Plaintiff cannot contest the accuracy of the County's statements. ECF No. 78 at 10. The SAC alleges that they were false. ECF No. 66 ¶ 268. That allegation is accepted as true at this stage, and the County's own records support it. On February 11, 2025, the County's Assistant District Attorney told the Board that a personnel investigation concerning Plaintiff was ongoing. ECF No. 66 ¶ 92. The County had substantiated its findings six days earlier. *Id.* ¶ 90. Plaintiff's counsel had received the "Summary of Findings and Conclusions of Investigation" on February 6. Ex. 1 at 4. On February 14, the County's counsel wrote that the January 15, 2025 report was "the only documentation I'm currently aware of regarding the investigation." *Id.* at 3. The County also told vendors that Plaintiff "never had authority to sign contracts on the County's behalf." ECF No. 66 ¶ 98. The Reply defends a narrower statement: that Plaintiff "was never delegated blanket authority to execute contracts." ECF No. 78 at 10. The County's own exhibit states that the interim appointee "shall be vested with the same authority to carry out the powers and duties of a Registrar appointed on a non-interim basis." ECF No. 70-5 at 1, 3–4. Whether the County's categorical statement to vendors was accurate cannot be resolved on the pleadings.

AHMAD LAW PLLC
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

### 5. Claim 14: The Reply Addresses Only Part of the Claim

The Reply argues that the County Manager's September 24, 2024 communication to the Board was not publicized. ECF No. 78 at 11. Claim 14 also challenges the County's September 25 and October 31, 2024 written statements to the press. ECF No. 66 ¶ 278. The Reply relies on SAC paragraph 259. ECF No. 78 at 12. That paragraph concerns whether Plaintiff was removed or stepped away voluntarily, not the disclosure of her medical condition. ECF No. 66 ¶ 259. The Reply argues that the October 31 statement repeated what Plaintiff disclosed in her October 23, 2024 interview. ECF No. 78 at 12. The SAC alleges that the County disclosed Plaintiff's health-related leave on September 25 and 27, 2024, before that interview, and that Plaintiff spoke in response to the County's account. ECF No. 66 ¶¶ 48–49, 252. *Dinkins* was decided on summary judgment, and the information there was already public through an obituary published online. *Dinkins v. Schinzel*, 362 F. Supp. 3d 916, 929 (D. Nev. 2019). Here, the County was the source of the initial disclosure. ECF No. 66 ¶¶ 48–49. At most, the Reply's argument reaches the October 31 statement. It does not reach the September disclosures.

## III. CONCLUSION

For the foregoing reasons, the Court should decline to consider the arguments the County raised for the first time in its Reply. If the Court considers them, it should reject them, deny the Motion to Strike, and grant leave as to Claims 3, 12, 13, and 14. If the Court finds any of those claims deficient, Plaintiff requests leave to plead the facts identified in this Sur-Reply.

DATED this 30th day of October, 2026.

//s// Hawah S. Ahmad
Hawah S. Ahmad, Esq.
AHMAD LAW PLLC dba AhmadLaw
Nevada State Bar No. 16374
300 S. Arlington Avenue, Ste. B
Reno, NV 89501
(775) 234-8760
Ahmad@ALawNV.com
*Attorney for Plaintiff*

**AHMAD LAW PLLC**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of AhmadLaw, and am over the age of eighteen (18), and that on the date set forth below, I served a true copy of:

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (ECF NO. 67)**

on the party below by:

X Electronic Service via e-filing to:
Chris Hicks, Washoe County District Attorney
Lindsay L. Liddell, Deputy District Attorney
One South Sierra Street
Reno, Nevada 89501
lliddell@da.washoecounty.gov
(775) 337-5700

DATED this 30th day of October 2026.

//s// ___Aaron Palm______
Employee of AhmadLaw

**AHMAD LAW PLLC**
300 S. Arlington Avenue, Ste B
Reno, Nevada 89501
(775) 234-8760

## INDEX OF EXHIBITS

| Exhibit | Description | Pages |
|---|---|---|
| 1 | Email Correspondence Between Counsel, February 14–18, 2025 (Settlement Communications Redacted Under Fed. R. Evid. 408) | 4 |
| 2 | Declaration of Hawah S. Ahmad, Esq. in Support of Plaintiff's Sur-Reply | 2 |