# Exhibit 1

**Email Correspondence Between Counsel,**
**February 14–18, 2025**
**(Settlement Communications Redacted Under Fed. R. Evid. 408)**

Exhibit 1

Gmail

Hawah Ahmad <ahmad@alawnv.com>

## Follow Up

6 messages

**Hawah Ahmad** <ahmad@alawnv.com> Fri, Feb 14, 2025 at 11:17 AM
To: nedwards@da.washoecounty.gov

Hello,
Any word on my request for the transcripts from the investigatory interview?

Thank you,

Hawah

--
Hawah S. Ahmad, Esq.
Ahmad Law PLLC

Notice of Confidentiality. This message is intended to be confidential and directed only to the person/entity as addressed above. Furthermore, the contents of this message and any attachments hereto may be subject to the attorney-client privilege and/or work product doctrine and should not be disclosed to other parties or distributed or copied in any way. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this message by error, please reply by e-mail to inform us and delete any copies from your hard drive. Thank you.

---

**Liddell, Lindsay L** <lliddell@da.washoecounty.gov> Fri, Feb 14, 2025 at 1:40 PM
To: "ahmad@alawnv.com" <ahmad@alawnv.com>

Hi Hawah,

I am the attorney representing the County in the *Burgess v. Washoe County* case. Nate forwarded your email requesting transcripts from the investigatory interviews regarding Ms. Burgess. Generally, the County's practice is to maintain the confidentiality of HR investigative reports and related records. But, because the report will likely be distributed to Ms. Burgess in the normal course of discovery I am providing you the attached copy as a courtesy. As the report shows, there were many validated concerns regarding Ms. Burgess's inability to carry out her Interim-ROV election duties in accordance with state and federal law.

**REDACTED — FED. R. EVID. 408**

Otherwise, the County is prepared to defend itself in the litigation in due course. Feel free to reach out if any issues arise as the case progresses.

Sincerely,

Lindsay

**Lindsay L. Liddell**

**Deputy District Attorney**

**District Attorney's Office**

lliddell@da.washoecounty.gov | O: 775-337-5714

One South Sierra Street, Reno, NV 89501

**CONFIDENTIAL:** This e-mail, including any attachments, is intended only for the person or entity to which it is addressed. This e-mail may contain confidential information, proprietary information, and/or information which is protected by the attorney-client privilege or work product doctrine. The unauthorized review, use, forwarding, printing, copying, disclosure, or distribution of this e-mail is strictly prohibited. If you are not the intended recipient or have reason to believe you are not authorized to receive this e-mail, please promptly delete this message and notify the sender.

---

[Quoted text hidden]

---

**Investigation Report 1.15.25-Redacted.pdf**
2454K

---

**Hawah Ahmad** <ahmad@alawnv.com> Fri, Feb 14, 2025 at 1:59 PM
To: "Liddell, Lindsay L" <lliddell@da.washoecounty.gov>

Hello Ms. Liddell,
I appreciate your quick response and disclosure. However, this is actually not the document I am looking for. During the December 19, 2025 interview, I specifically asked to be placed on Notice of the complaints that were being investigated. The only information I had at that time was the October 4, 2024 letter from County Manager Brown. Oddly, during my client's interview I was told that no formal complaints have been made. It is my understanding that pursuant to county policy, though the complainant is redacted, the individual being investigated is supposed to be put on Notice for what they are being investigated for. As such, I specifically requested the recording and/or transcription of my client's interview where that representation was made. I did not receive a response from Ms. Witty, or Mr. Edwards regarding this, but he did send an email for me on February 6, 2025, asking your civil litigation division for the requested information. Nevertheless, is this January 15, 2025 document the only document representative of the investigation?

**REDACTED — FED. R. EVID. 408**

Thank you,

Hawah Ahmad

[Quoted text hidden]

---

**Liddell, Lindsay L** <lliddell@da.washoecounty.gov> Fri, Feb 14, 2025 at 3:21 PM
To: Hawah Ahmad <ahmad@alawnv.com>
Cc: "Price, Brandon" <brprice@da.washoecounty.gov>

Hello,

To clarify, the names of current and former employees were redacted for their privacy. The employees redacted are not complainants, and to my knowledge there have not been any formal complaints. As the report explains, Manager Brown's October 4th letter to Ms. Burgess is the basis for this investigation. This report is the only documentation I'm currently aware of regarding the investigation.

Sincerely,

Lindsay

**Lindsay L. Liddell**

**Deputy District Attorney**

**District Attorney's Office**

lliddell@da.washoecounty.gov | O: 775-337-5714

One South Sierra Street, Reno, NV 89501

**CONFIDENTIAL:** This e-mail, including any attachments, is intended only for the person or entity to which it is addressed. This e-mail may contain confidential information, proprietary information, and/or information which is protected by the attorney-client privilege or work product doctrine. The unauthorized review, use, forwarding, printing, copying, disclosure, or distribution of this e-mail is strictly prohibited. If you are not the intended recipient or have reason to believe you are not authorized to receive this e-mail, please promptly delete this message and notify the sender.

[Quoted text hidden]

---

**Hawah Ahmad** <ahmad@alawnv.com> Fri, Feb 14, 2025 at 3:48 PM
To: "Liddell, Lindsay L" <lliddell@da.washoecounty.gov>
Cc: "Price, Brandon" <brprice@da.washoecounty.gov>

Ms. Liddell and Mr. Price,
Again, thank you for your quick response. As Ms. Burgess was the de facto Head of Department as the Interim Registrar of Voters, can you please confirm that in the absence of a formal complaint, that a plan or action or notice of complaint went out? Was there a Notice of Investigation Findings, Actions and Recommendations that I missed? I only received a Summary of Findings and Conclusions of Investigation on February 6, 2025. There were no recommendations. Further, it is my understanding that since Mr. McDonald was appointed as permanent Registrar of Voters, there is no process for my client to "protest the investigation findings and recommendations," is that correct?

Thank you,

Hawah Ahmad
[Quoted text hidden]

---

**Liddell, Lindsay L** <lliddell@da.washoecounty.gov> Tue, Feb 18, 2025 at 4:47 PM
To: Hawah Ahmad <ahmad@alawnv.com>
Cc: "Price, Brandon" <brprice@da.washoecounty.gov>

Hi Hawah,

The investigation report appears to include the information you're looking for regarding the investigation initiation. As a courtesy, I'm also providing the attached summary of findings that was provided to Mr. Burgess, the termination letter, and the BCC staff report from Ms. Burgess's interim appointment.

As the staff report shows, the interim ROV status was effective until either Ms. Burgess resigned or until the BCC appointed a full time ROV—the latter occurred. As such, Ms. Burgess automatically reverted to the Deputy ROV position. This is an at-will position, in an unclassified appointment that serves at the pleasure of the appointing authority, is not eligible for transfer or voluntary demotion privileges, not eligible for classified employee reinstatement privileges, are FLSA exempt, but they do not need to undergo the classified testing or promotional examinations to obtain their positions, etc. (please see WC personnel handbook regarding unclassified employees). Any Deputy ROV may be terminated with or without an investigation, and has no entitlement to classified employees' progressive discipline or appeal procedures.

If Ms. Burgess wishes to continue litigation, we will move forward on that end.

[Quoted text hidden]

---

**3 attachments**

**BCC staff report.pdf**
2387K

**CAB Term Letter.pdf**
824K

**CB - Close Out letter.pdf**
751K