# EXHIBIT 3

Emails Between DDA Liddell and Hawah Ahmad
Re_ Burgess v. Washoe County

EXHIBIT 3

**From:** Liddell, Lindsay L
**To:** Hawah Ahmad
**Cc:** Aaron Palm
**Subject:** Re: Burgess v. Washoe County
**Date:** Thursday, September 10, 2026 4:29:55 PM
**Attachments:** Outlook-1ryduf0r.png
Outlook-1imhuglm.png
Outlook-4nh15xp2.png
Outlook-zfgubuja.png
Outlook-lr241oxg.png
Outlook-znuuwhh4.png
Outlook-4bfclq10.png
Outlook-3oyyhkle.png
Outlook-gmiqpovy.png
Outlook-q0zeco0v.png
Outlook-313kt0mc.png
Outlook-5lkmvr0f.png
Outlook-ms5vd5xv.png
Outlook-0x5mqjwc.png
Outlook-omsfxj1x.png
Outlook-snslbopk.png
Outlook-f2ordpbv.png
Outlook-zampvcft.png
Outlook-b0zxsh1r.png
Outlook-taicjpuj.png
Outlook-tob1aznz.png
Outlook-iwcqtich.png
Outlook-ehjzo3vc.png
Outlook-fk1igbgt.png

---

Hi Hawah,

To clarify the procedural posture: I am trying to address miss statements and miss characterizations in the second amendment complaint informally, without us both having to engage in Rule 11 motion practice. The allegations concerning the June 2026 media statements are not factual based on the information I have. They also were not plead "on information and belief" but instead as affirmative allegations. This creates a Rule 11 issue. Plaintiff's unwillingness to entirely strike those allegations leaves it unaddressed.

In going through the SAC in more detail, I located several other objectively false allegations: that Burgess did not receive a summary of the investigation findings (you and Ms.Burgess received that document in an email on or around February 6, 2026), that the County did not follow policy with respect to involving the BCC chair (this only applies to unpaid leave, and those SAC allegations appear to imply Burgess was on unpaid leave when she was not), and that the BCC's interim ROV appointment included providing Burgess with authority to sign contracts (the staff report and BCC action did not grant or otherwise discuss granting any such authority). These are just the areas I've noted thus far, but I have not yet finished working through the SAC. I am bringing these to your attention as a courtesy, and again in hopes to avoid formal Rule 11 involvement. If you would like me to review any proposed stipulation to strike any of the allegations, I will promptly review it so we can resolve it.

In the meantime, I need to focus my immediate efforts on the dismissal motion. I'll revisit these issues after I finish that unless I hear from you before then.

Sincerely,
Lindsay

Lindsay L. Liddell, Esq.
Deputy District Attorney
One South Sierra Street
Reno, Nevada 89501
Tel. 775-337-5714
Fax 775-337-5718

Image

**CONFIDENTIAL AND PRIVILEGED ATTORNEY/CLIENT COMMUNICATION AND WORK PRODUCT:** This communication, including attachments, is for the exclusive use of the addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication, and destroy all copies and attachments.

---

**From:** Hawah Ahmad <ahmad@alawnv.com>
**Sent:** Thursday, 10 September 2026 09:11:30
**To:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Cc:** Aaron Palm <apalm@alawnv.com>
**Subject:** Re: Burgess v. Washoe County

**This Message Is From an External Sender**
This message came from outside of Washoe County -- DO NOT CLICK on links or open attachments unless you are sure the content is safe.

Report Suspicious

Hello Lindsay,
My apologies, I am dealing with the sudden death of a client and conference this week. The proposed Stipulation to file the Third Amended Complaint with redaction to line 107 (narrow it- not a strike) should be narrowed to something like:
"the County made no statements about Ms. Burgess *of any kind, to any person related to the press*, outside of the identified communication from Bethany Drysdale to Joe Hart on June 12, 2026.

I am still a little concerned as the initiating communication was never identified. Was it an email, text, or phone call? I was informed it was by phone prior to the June 9, 2026, Joe Hart piece. Please confirm what was said. Further, Bethany's declaration needs to state something narrower under the penalty of perjury stating exactly what was said, what communication format, and the date.

I do have to note that I have a fundamental issue with her response to Joe Hart. I am a counsel for Ms. Burgess, the Motion to Disqualify was on behalf of my client. It wasn't my personal motion, so I don't know why it is identified as such in that email. Secondly, her statement to Joe Hart misstated the Court's order and ignored the other issue in the motion to disqualify.

Hawah S. Ahmad, Esq.
Ahmad Law PLLC
300 S. Arlington Ave Suite B
Reno, Nevada 89501
Office: 775-234-8760

**PLEASE** direct all case related communications to our office line or through the Clio Client Portal. Calls or Text Messages to personal cell phones may not receive a response. For all e-mail communications, please ensure that admin@alawnv.com is cc'ed at all times.

**Notice of Confidentiality.** This communication is confidential and is intended solely for the person or entity to whom it is addressed and for those persons whose involvement is reasonably necessary to facilitate the provision or receipt of legal services. This communication and any attachments may contain confidential attorney client communications, legal advice, attorney work product, and/or information protected from disclosure under applicable law. To the extent applicable, this communication is intended to preserve and does not waive any attorney-client privilege, work product protection, settlement privilege, confidentiality, or other applicable privilege, protection, or exemption from disclosure. Any communications made for purposes of compromise, settlement, or resolution of a disputed matter are intended to be treated as confidential settlement communications and subject to all applicable protections governing such communications.

**Public Records Notice.** This communication is provided in connection with legal representation and is not intended for public dissemination. To the extent applicable, the contents of this communication and any attachments are intended to be protected from disclosure under the Nevada Public Records Act and any other applicable statutory, common law, evidentiary, privilege, or confidentiality protections. Nothing herein constitutes a waiver of any applicable privilege, protection, or exemption from disclosure. Please maintain the confidentiality of this communication and limit its dissemination to persons with a legitimate need to receive it.

**Any unauthorized use, disclosure, distribution, or copying of this communication is**

**prohibited. If you have received this communication in error, please notify the sender by email and permanently delete the communication and any copies from your systems. Thank you.**

---

**From:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Sent:** Tuesday, September 8, 2026 2:15 PM
**To:** Hawah Ahmad <ahmad@alawnv.com>
**Cc:** Aaron Palm <apalm@alawnv.com>
**Subject:** RE: Burgess v. Washoe County

Hi Hawah,

I am working on getting a declaration together and proposed stip & order to strike. The language below is likely too broad: "the County made no statements about Ms. Burgess *of any kind, to any person related to the press*, in May or June." I don't want to get in a situation where someone is arguing that Ms. Drysdale's statement I provided to you (also attached here) falls under a statement "about Ms. Burgess."

For the dec language, are you amendable to something like: "…no statement about Ms. Burgess of any kind other than providing information regarding the status and recent orders issued in *Burgess v. Washoe County*, to any outside media personnel."

Let me know as soon as you get a chance so we get this part processed.

Thank you,
Lindsay

**Lindsay L. Liddell**
**Deputy District Attorney**
**District Attorney's Office**
lliddell@da.washoecounty.gov | O: 775-337-5714
One South Sierra Street, Reno, NV 89501

**CONFIDENTIAL:** This e-mail, including any attachments, is intended only for the person or entity to which it is addressed. This e-mail may contain confidential information, proprietary information, and/or information which is protected by the attorney-client privilege or work product doctrine. The unauthorized review, use, forwarding, printing, copying, disclosure, or distribution of this e-mail is strictly prohibited. If you are not the intended recipient or have reason to believe you are not authorized to receive this e-mail, please promptly delete this message and notify the sender.

**From:** Liddell, Lindsay L
**Sent:** Thursday, September 3, 2026 4:30 PM
**To:** 'Hawah Ahmad' <ahmad@alawnv.com>
**Cc:** Aaron Palm <apalm@alawnv.com>
**Subject:** RE: Burgess v. Washoe County

Hi Hawah,

Thanks for getting back to me and sorry for the delay- it's been a chaotic week. I'll coordinate with Ms. Drysdale on a declaration and get back to you so we can proceed with striking those allegations.

**Lindsay L. Liddell**
**Deputy District Attorney**
**District Attorney's Office**
lliddell@da.washoecounty.gov | O: 775-337-5714
One South Sierra Street, Reno, NV 89501

**CONFIDENTIAL:** This e-mail, including any attachments, is intended only for the person or entity to which it is addressed. This e-mail may contain confidential information, proprietary information, and/or information which is protected by the attorney-client privilege or work product doctrine. The unauthorized review, use, forwarding, printing, copying, disclosure, or distribution of this e-mail is strictly prohibited. If you are not the intended recipient or have reason to believe you are not authorized to receive this e-mail, please promptly delete this message and notify the sender.

**From:** Hawah Ahmad <ahmad@alawnv.com>
**Sent:** Monday, August 31, 2026 5:08 PM
**To:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Cc:** Aaron Palm <apalm@alawnv.com>
**Subject:** Re: Burgess v. Washoe County

Lindsay,

Thank you for your email. Plaintiff will voluntarily strike those allegations if the County provides a sworn affidavit from Ms. Drysdale confirming that the County made no statements about Ms. Burgess *of any kind, to any person related to the press*, in May or June.

Regardless, we do not agree that a Rule 11 motion is warranted here, and we ask that you reconsider raising one. Plaintiff's counsel made these allegations based on "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,"

consistent with Fed. R. Civ. P. 11(b). Because they are factual contentions made on that basis, Rule 11(b)(3) requires only that they "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" and not that Plaintiff already possess trial-ready proof before pleading them.

That standard exists for good reason here. Communications between County personnel and members of the press are not equally available to both sides' pre-discovery. They are precisely the kind of fact developed through discovery, including depositions and document requests directed at records in the County's possession, not Plaintiff's. As to your question about our source: we don't think Rule 11 obligates Plaintiff to lay out her complete evidentiary basis in correspondence before that process runs. Nothwithstanding the confusion as to why we are arguing evidence of pre-discovery, our source is Joe Hart. As such, and as indicated in the email attached, there were preliminary communications that occurred prior to Mr. Drysdale's email on June 12, 2026, that contributed to the June 9, 2026, Joe Hart segment.

We're glad to discuss with Ms. Drysdale's affidavit whenever you're ready. If the County elects to proceed with a Rule 11 motion in the meantime, we'll respond in full at that time.

Hawah S. Ahmad, Esq.
Ahmad Law PLLC
300 S. Arlington Ave Suite B
Reno, Nevada 89501
Office: 775-234-8760

**PLEASE** direct all case related communications to our office line or through the Clio Client Portal. Calls or Text Messages to personal cell phones may not receive a response. For all e-mail communications, please ensure that admin@alawnv.com is cc'ed at all times.

**Notice of Confidentiality.** This communication is confidential and is intended solely for the person or entity to whom it is addressed and for those persons whose involvement is reasonably necessary to facilitate the provision or receipt of legal services. This communication and any attachments may contain confidential attorney client communications, legal advice, attorney work product, and/or information protected from disclosure under applicable law. To the extent applicable, this communication is intended to preserve and does not waive any attorney-client privilege, work product protection, settlement privilege, confidentiality, or other applicable privilege, protection, or exemption from disclosure. Any communications made for purposes of compromise, settlement, or resolution of a disputed matter are intended to be treated as confidential settlement communications and subject to all applicable protections governing such communications.

**Public Records Notice.** This communication is provided in connection with legal representation and is not intended for public dissemination. To the extent applicable, the contents of this communication and any attachments are intended to be protected from disclosure under the Nevada Public Records Act and any other applicable statutory, common law, evidentiary, privilege, or confidentiality protections. Nothing herein constitutes a waiver of any applicable privilege, protection, or exemption from disclosure. Please maintain the confidentiality of this communication and limit its dissemination to persons with a legitimate need to receive it.

**Any unauthorized use, disclosure, distribution, or copying of this communication is prohibited. If you have received this communication in error, please notify the sender by email and permanently delete the communication and any copies from your systems. Thank you.**

---

**From:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Sent:** Friday, August 28, 2026 9:25 AM
**To:** Hawah Ahmad <ahmad@alawnv.com>
**Cc:** Angie Pena <admin@alawnv.com>; Morgan Biaselli <morgan@alawnv.com>
**Subject:** RE: Burgess v. Washoe County

Hi Hawah,

I confirmed with Bethany Drysdale that she did not have any phone calls with Joe Hart in either May or June. She double checked her phone records to confirm. Can you clarify the source on the information provided to you/Plaintiff?

That being said, I am renewing the request to voluntarily strike those allegations.

Sincerely,
Lindsay

**Lindsay L. Liddell**
**Deputy District Attorney**
**District Attorney's Office**
lliddell@da.washoecounty.gov | O: 775-337-5714
One South Sierra Street, Reno, NV 89501

**CONFIDENTIAL:** This e-mail, including any attachments, is intended only for the person or entity to which it is addressed. This e-mail may contain confidential information, proprietary information, and/or information which is protected by the attorney-client privilege or work product doctrine. The unauthorized review, use, forwarding, printing, copying, disclosure, or distribution of this e-mail is strictly prohibited. If you are not the intended recipient or have reason to believe you are not authorized to receive this e-mail, please promptly delete this message and notify the sender.

---

**From:** Hawah Ahmad <ahmad@alawnv.com>
**Sent:** Thursday, August 27, 2026 5:41 PM
**To:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Cc:** Angie Pena <admin@alawnv.com>; Morgan Biaselli <morgan@alawnv.com>
**Subject:** Re: Burgess v. Washoe County

Lindsay,
I am out of the office until Monday and will review. However, I was informed that there were multiple phone conversations prior to the June 9, 2026, update. During that time, I was informed that Ms. Drysdale sought out advice from the District Attorney's Office responded, then responded again regarding the dismissal (the email chain). Please confirm that the phone calls did not occur first and then renew your request. Of course, there is a letter of preservation so all communication logs should be preserved.

Thank you
Hawah

Sent via the Samsung Galaxy S25 Ultra, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Sent:** Thursday, 27 August 2026 17:14:36
**To:** Hawah Ahmad <ahmad@alawnv.com>
**Cc:** Angie Pena <admin@alawnv.com>; Morgan Biaselli <morgan@alawnv.com>
**Subject:** RE: Burgess v. Washoe County

Hi Hawah,

Thank you for that clarification. I discussed this with my clients, and the only statement to Joe Hart in June 2026 regarding Burgess is the attached correspondence (I redacted the upper portion of the email, which is attorney-client privileged correspondence from Bethany Drysdale to me). As you can see, none of the statements alleged in the SAC were actually made. Instead, Ms. Drysdale responded to Joe Hart's inquiry by informing him of the recent Court Orders in the case. There is nothing regarding Plaintiff's character or work performance in the statement.

In light of this, I respectfully request that Plaintiff stipulate to strike those allegations under FRCP 11 and 28 U.S.C. § 1927. Please let me know with Plaintiff is agreeable.

Sincerely,
Lindsay

**Lindsay L. Liddell**
**Deputy District Attorney**
**District Attorney's Office**
lliddell@da.washoecounty.gov | O: 775-337-5714
One South Sierra Street, Reno, NV 89501

**CONFIDENTIAL:** This e-mail, including any attachments, is intended only for the person or entity to which it is addressed. This e-mail may contain confidential information, proprietary information, and/or information which is protected by the attorney-client privilege or work product doctrine. The unauthorized review, use, forwarding, printing, copying, disclosure, or distribution of this e-mail is strictly prohibited. If you are not the intended recipient or have reason to believe you are not authorized to receive this e-mail, please promptly delete this message and notify the sender.

---

**From:** Hawah Ahmad <ahmad@alawnv.com>
**Sent:** Wednesday, August 26, 2026 1:16 PM
**To:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Cc:** Angie Pena <admin@alawnv.com>; Morgan Biaselli <morgan@alawnv.com>
**Subject:** Re: Burgess v. Washoe County

Joe Hart.

Hawah S. Ahmad, Esq.
Ahmad Law PLLC
300 S. Arlington Ave Suite B
Reno, Nevada 89501
Office: 775-234-8760

**PLEASE** direct all case related communications to our office line or through the Clio Client Portal. Calls or Text Messages to personal cell phones may not receive a response. For all e-mail communications, please ensure that admin@alawnv.com is cc'ed at all times.

**Notice of Confidentiality.** This communication is confidential and is intended solely for the person or entity to whom it is addressed and for those persons whose involvement is reasonably necessary to facilitate the provision or receipt of legal services. This communication and any attachments may contain confidential attorney client communications, legal advice, attorney work product, and/or information protected from disclosure under applicable law. To the extent applicable, this communication is intended to preserve and does not waive any attorney-client privilege, work product protection, settlement privilege, confidentiality, or other applicable privilege, protection, or exemption from disclosure. Any communications made for purposes of compromise, settlement, or resolution of a disputed matter are intended to be treated as confidential settlement communications and subject to all applicable protections governing such communications.

**Public Records Notice.** This communication is provided in connection with legal representation and is not intended for public dissemination. To the extent applicable, the contents of this communication and any attachments are intended to be protected from

disclosure under the Nevada Public Records Act and any other applicable statutory, common law, evidentiary, privilege, or confidentiality protections. Nothing herein constitutes a waiver of any applicable privilege, protection, or exemption from disclosure. Please maintain the confidentiality of this communication and limit its dissemination to persons with a legitimate need to receive it.

**Any unauthorized use, disclosure, distribution, or copying of this communication is prohibited. If you have received this communication in error, please notify the sender by email and permanently delete the communication and any copies from your systems. Thank you.**

---

**From:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Sent:** Wednesday, August 26, 2026 1:05 PM
**To:** Hawah Ahmad <ahmad@alawnv.com>
**Cc:** Angie Pena <admin@alawnv.com>; Morgan Biaselli <morgan@alawnv.com>
**Subject:** RE: Burgess v. Washoe County

Thanks for the quick response! Do you have any link to the alleged statement or article or anything?

**Lindsay L. Liddell**
**Deputy District Attorney**
**District Attorney's Office**
lliddell@da.washoecounty.gov | O: 775-337-5714
One South Sierra Street, Reno, NV 89501

**CONFIDENTIAL:** This e-mail, including any attachments, is intended only for the person or entity to which it is addressed. This e-mail may contain confidential information, proprietary information, and/or information which is protected by the attorney-client privilege or work product doctrine. The unauthorized review, use, forwarding, printing, copying, disclosure, or distribution of this e-mail is strictly prohibited. If you are not the intended recipient or have reason to believe you are not authorized to receive this e-mail, please promptly delete this message and notify the sender.

---

**From:** Hawah Ahmad <ahmad@alawnv.com>
**Sent:** Wednesday, August 26, 2026 1:03 PM
**To:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Cc:** Angie Pena <admin@alawnv.com>; Morgan Biaselli <morgan@alawnv.com>
**Subject:** Re: Burgess v. Washoe County

Hi Lindsay,

My notes indicate it came from Bethany Drysdale to local media.

Hawah S. Ahmad, Esq.
Ahmad Law PLLC
300 S. Arlington Ave Suite B
Reno, Nevada 89501
Office: 775-234-8760

**PLEASE** direct all case related communications to our office line or through the Clio Client Portal. Calls or Text Messages to personal cell phones may not receive a response. For all e-mail communications, please ensure that admin@alawnv.com is cc'ed at all times.

**Notice of Confidentiality.** This communication is confidential and is intended solely for the person or entity to whom it is addressed and for those persons whose involvement is reasonably necessary to facilitate the provision or receipt of legal services. This communication and any attachments may contain confidential attorney client communications, legal advice, attorney work product, and/or information protected from disclosure under applicable law. To the extent applicable, this communication is intended to preserve and does not waive any attorney-client privilege, work product protection, settlement privilege, confidentiality, or other applicable privilege, protection, or exemption from disclosure. Any communications made for purposes of compromise, settlement, or resolution of a disputed matter are intended to be treated as confidential settlement communications and subject to all applicable protections governing such communications.

**Public Records Notice.** This communication is provided in connection with legal representation and is not intended for public dissemination. To the extent applicable, the contents of this communication and any attachments are intended to be protected from disclosure under the Nevada Public Records Act and any other applicable statutory, common law, evidentiary, privilege, or confidentiality protections. Nothing herein constitutes a waiver of any applicable privilege, protection, or exemption from disclosure. Please maintain the confidentiality of this communication and limit its dissemination to persons with a legitimate need to receive it.

**Any unauthorized use, disclosure, distribution, or copying of this communication is prohibited. If you have received this communication in error, please notify the sender by email and permanently delete the communication and any copies from your systems. Thank you.**

---

**From:** Liddell, Lindsay L <lliddell@da.washoecounty.gov>
**Sent:** Wednesday, August 26, 2026 12:15 PM
**To:** Hawah Ahmad <ahmad@alawnv.com>
**Cc:** Angie Pena <admin@alawnv.com>; Morgan Biaselli <morgan@alawnv.com>
**Subject:** Burgess v. Washoe County

Hi Hawah,

I'm working my way through Burgess's SAC and have a question regarding some of the

allegations. SAC paragraphs 107, 146, 216, 228, and 270 allege that there were June **2026** media statements from the County regarding Burgess. I'm not aware of any such statements. I did a search on Google and only found an article regarding the case that referenced information from the case filings, but couldn't find any statement issued by the County in June 2026. Can you clarify what the SAC is referring to with those allegations?

Thank you,
Lindsay

**Lindsay L. Liddell**
**Deputy District Attorney**
**District Attorney's Office**
lliddell@da.washoecounty.gov | O: 775-337-5714
One South Sierra Street, Reno, NV 89501

**CONFIDENTIAL:** This e-mail, including any attachments, is intended only for the person or entity to which it is addressed. This e-mail may contain confidential information, proprietary information, and/or information which is protected by the attorney-client privilege or work product doctrine. The unauthorized review, use, forwarding, printing, copying, disclosure, or distribution of this e-mail is strictly prohibited. If you are not the intended recipient or have reason to believe you are not authorized to receive this e-mail, please promptly delete this message and notify the sender.