# EXHIBIT 4

Letter from Ms. Ahmad
09.15.2026 Burgess v. Washoe County
- Response to County Email

EXHIBIT 4

AHMAD LAW
ALawNV.com O: 775-234-8760 300 S Arlington Ave Unit B Reno, NV 89501

September 15, 2026

**VIA EMAIL**
Lindsay L. Liddell, Esq.
lliddell@da.washoecounty.gov
Deputy District Attorney
One South Sierra Street
Reno, NV 89501

**RE: Burgess v. Washoe County, Case No. 3:25-cv-00065-NJK**

Dear Ms. Liddell:

Your email raises four separate issues under the single heading of Rule 11. As an initial matter, threats to invoke Rule 11 are not consistent with the procedure contemplated by the Rule. Moreover, based on your email, it is unclear precisely what factual or legal contention you contend is subject to Rule 11.

Your general disagreement with the allegations does not, standing alone, present a Rule 11 issue. The Court has already reminded the parties of their obligations under Local Rule 1.1(c), the duty of civility. Repeated threats of sanctions that are not supported by the requirements of Rule 11 are neither productive nor appreciated. I therefore suggest that, before making further Rule 11 assertions, you review the Federal Rules of Civil Procedure and applicable case law regarding the appropriate procedure and standards governing such a motion.

With respect to your email sent while I was out of the office, my response is as follows[1]:

**(1) Drysdale Affidavit:** You proposed language on September 8, and my office responded with two clarifying questions concerning the format and date of the initiating communication and Ms. Drysdale's statement to Mr. Hart regarding the Motion to Disqualify and Motion to Dismiss. You have not answered either question. Accordingly, we cannot stipulate to amend Paragraphs 107 and 108 to add "on information and belief" as requested without clarification of the underlying facts.

**(2) Contract Authority:** Paragraph 99 alleges that the Board vested Plaintiff with the Registrar's full powers, including the authority to negotiate and execute contracts on behalf of the Office. That allegation presents a legal contention governed by Rule 11(b)(2), and

---

[1] I must also note that I am **counsel** for Plaintiff in this matter, not a party. Continued personal references to me are therefore inappropriate. To the extent the County disputes Plaintiff's factual allegations or legal positions, those issues should be addressed on their merits rather than through personal commentary concerning opposing counsel.

we believe the contention is warranted by existing law. Your disagreement with that legal position does not transform it into a Rule 11 violation.

(3) **Investigation Summary:** Paragraph 123 does not allege that Plaintiff never received a summary of the findings. Rather, it alleges that the County *did not* provide Plaintiff with a summary *before* terminating her employment. Paragraph 132 further alleges that Plaintiff received the summary on February 14, 2025, two days after her termination. The fact that Plaintiff ultimately received a summary does not contradict the allegation that she did not receive one before her termination. Your email addresses a different factual proposition than the one actually alleged.

(4) **Board Chair / Unpaid Leave:** The SAC does not allege that Plaintiff was on unpaid leave. Paragraphs 122 and 123 allege that consultation with the Board Chair was required regardless of Plaintiff's pay status. The assertion that the allegations "appear to imply" otherwise does not establish a violation of Rule 11(b)(3), which requires a factual contention to lack evidentiary support after reasonable inquiry.

If the County disputes any of these allegations or legal contentions, it may deny them in its Answer and present its defenses through the ordinary course of litigation. It is not appropriate to attempt to resolve disputed factual and legal issues through correspondence accompanied by repeated threats of Rule 11 sanctions.

Finally, continued invocation of Rule 11 against allegations that do not meet the Rule 11 standard, particularly where the objections themselves shift from one allegation to another, is not productive and risks implicating the very civility obligations to which the parties are subject. Rule 11 should not be used as a substitute for the ordinary process of pleading, discovery, and adjudication, nor should it be invoked merely because counsel disagrees with an opposing party's factual allegations or legal theories. Any further Rule 11 concerns should therefore be limited to specific contentions and addressed in accordance with the procedure and standards actually required by the Rule.

Sincerely,

Hawah Ahmad, Esq.
AhmadLaw
300 S. Arlington Avenue, Ste. B
Reno, NV 89501
(775) 234-8760
ahmad@alawnv.com