# EXHIBIT 12

Declaration of H.R. Director Patricia Hurley

EXHIBIT 12

**DECLARATION OF PATRICIA HURLEY**

I, Patricia Hurley, declare under penalty of perjury that the following statements are true to the best of my knowledge:

1. I am employed as the Director of Human Resources for Washoe County. I have been employed in that position since December 3, 2018. In this role, I am responsible for overseeing the County's personnel policies, labor relations, and employee services.

2. The emails identified with dates stamps WC002605-WC002634 are true and correct copies of the email sent to Cari-Ann Burgess's personal email address on November 5, 2024, January 2, 2025, January 16, 2025, January 31, 2025, February 12, 2025, and February 26, 2025, with true and correct copies of the pay statements that were attached to each of those emails reflecting Ms. Burgess's pay, her elected deductions, and various leave balances from pay periods between August 26, 2024 and February 23, 2025.

3. The only leave expended from Ms. Burgess's leave balances from September 23, 2024, until her termination on February 12, 2025, was 80 hours of sick leave for pay period 21/2024 (September 23, 2024-October 6, 2024), reflected in WC002624. This did not exhaust her sick leave balance, as she had 51.32 hours of sick leave remaining after pay period 21/2024. The following pay period 22/2024 (October 7, 2024-October 20, 2024) inadvertently reflected pay coding to include sick hours and comp time used, but this coding did not alter any of Ms. Burgess's leave balances, reflected in WC002625. The pay coding was corrected in the next pay period, 23/2024 (October 21, 2024-November 3, 2024), reflected in WC002626.

4. None of Ms. Burgess's balances for vacation leave, compensatory leave, or holiday compensatory leave were expended during her leave from September 23, 2024, until her termination. Personal leave is extra leave credit that is "use it or lose it," given to employees at various rates based on their use of sick leave pursuant to Section 5.268 of the Personnel Handbook. Pursuant to Section 5.268 (2), "Under no circumstances will there be any cash payment or cash value for Personal Leave credit that is not used," and it is forfeited if not used by pay period #26 each calendar year. WC002630 reflects that automatic forfeiture.

5. During her September leave and until her February termination, Ms. Burgess continued to accrue vacation leave and sick leave during each pay period in amounts of 4.62 hours per period, respectively. When Ms. Burgess went on leave, her vacation balance began at 106.79 hours; compensatory leave balance was 82.50 hours; and holiday compensatory leave balance was 10 hours, reflected in WC002624 and the following snippet:

| Leave Type | Beginning | Earned | Taken | Balance |
|---|---|---|---|---|
| Vacation Leave | 106.79 | 4.62 | 0.00 | 111.41 |
| Sick Leave | 126.70 | 4.62 | 80.00 | 51.32 |
| Compensatory Leave | 82.50 | 0.00 | 0.00 | 82.50 |
| Holiday Comp. Leave | 10.00 | 0.00 | 0.00 | 10.00 |
| Personal Leave | 12.00 | 0.00 | 0.00 | 12.00 |
| FMLA | | | 0.00 | |

In the pay period ending on February 9, 2025 (period 4/2025), Ms. Burgess's vacation leave balance was 152.95 hours; compensatory leave balance was 82.50 hours; and holiday compensatory leave balance was 10 hours, reflected in WC002632 and the following snippet:

| Leave Type | Beginning | Earned | Taken | Balance |
|---|---|---|---|---|
| Vacation Leave | 148.33 | 4.62 | 0.00 | 152.95 |
| Sick Leave | 88.31 | 4.62 | 0.00 | 92.94 |
| Compensatory Leave | 82.50 | 0.00 | 0.00 | 82.50 |
| Holiday Comp. Leave | 10.00 | 0.00 | 0.00 | 10.00 |
| Personal Leave | 0.00 | 0.00 | 0.00 | 0.00 |
| FMLA | | | 0.00 | |

In the pay period ending on February 2025 (period 5/2025) earned an additional 1.13 hours of vacation leave for the 19.5 hours in paid status. Ms. Burgess received a payout for her vacation leave balance ($8,354.64); compensatory leave balance ($4,469.03); and holiday compensatory leave balance ($541.17), reflected in WC002634 and the following snippet:

| Earnings Information | | | | |
|---|---|---|---|---|
| Description | Hours | Rate | Amount | Y-T-D |
| Holiday Pay | | | | 1,300.08 |
| Admin Leave | 19.50 | 54.17 | 1,056.32 | 17,090.64 |
| Leave Without Pay | 4.50 | 0.00 | | 0.00 |
| Special Salary Ad | 8.00 | 5.42 | 43.36 | 1,777.76 |
| Vacation Payout T | 154.23 | 54.17 | 8,354.64 | 8,354.64 |
| Comp Payout Term/ | 82.50 | 54.17 | 4,469.03 | 4,469.03 |
| H Comp Payout Ter | 10.00 | 54.17 | 541.70 | 541.70 |

6. Ms. Burgess was on paid leave from September 23, 2024, until she was terminated at 11:18 a.m. on February 12, 2025. As explained above, 80 hours of sick leave was used for Monday, September 23, 2024, to Sunday, October 6, 2024 (pay period 21/2024, WC002624). From Monday, October 7, 2024, until 11:18 a.m. on February 12, 2025, Ms. Burgess was on paid administrative leave. For the day of February 12, 2025, she was paid administrative leave for 3.5 hours to reflect the normal employee hours starting at 8:00 a.m., and her termination at 11:18 a.m. The pay period 5/2025's "leave without pay" designation of 4.5 hours was necessary for the pay coding software to reflect that Ms. Burgess was terminated mid-day and not paid for the remaining hours in that workday once terminated as she was no longer an employee.

Dated this 30th day of September, 2026.

Patricia Hurley

PATRICIA HURLEY