**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Cari-Ann P. Burgess,

Plaintiff(s),

v.

Washoe County,

Defendant(s).

Case No. 3:25-cv-00065-NJK[1]

**ORDER**

[Docket No. 85]

Pending before the Court is Defendant Washoe County's motion for sanctions, challenging the factual basis for certain allegations in the amended complaint. Docket No. 85. The motion addresses the need to promptly serve a Rule 11 motion on the opposing party to provide an opportunity to cure the alleged deficiency. *See* Docket No. 85 at 3. With respect to filing and resolving a Rule 11 motion attacking the factual allegations in the pleadings, however, courts generally defer such issues "until the end of trial to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits." *PlayUp, Inc. v. Mintas*, 2023 WL 1771128, at *1 (D. Nev. Jan. 20, 2023) (quoting *Lichtenstein v. Consol. Servs. Grp., Inc.*, 173 F.3d 17, 23 (1st Cir. 1999)). Indeed, "[c]ourts within the Ninth Circuit routinely defer Rule 11 motions regarding the pleadings until the case is resolved on its merits." *Id.* (collecting cases).[2] As the pending motion fails to explain sufficiently why it is properly filed and resolved at this juncture, that motion is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: November 4, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] This case is proceeding before the undersigned magistrate judge on party consent. *See* Docket No. 33; *see also* Docket No. 37.

[2] The Court retains jurisdiction to consider a Rule 11 motion after judgment has been entered. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990).